906 F.2d 467
 David MOY, Plaintiff-Appellant,
v.
UNITED STATES of America; Zip Temporary Personnel Services
Corporation; Terri Smith; Susan Scarborough;
Lorry Bishop; Leonard Fwartz; Mary
Meumier, Defendants-Appellees.
 No. 89-15700.
 United States Court of Appeals,
Ninth Circuit.
 Submitted June 4, 1990*.
Decided June 27, 1990.
 
 David Moy, Berkeley, Cal., in pro. per.
 Susan L. Kamlet, Asst. U.S. Atty., William T. McGivern, Jr., U.S. Atty., Stephen L. Schirle, Chief, Civ. Div., Alberto E. Gonzalez, Sp. Asst. U.S. Atty., San Francisco, Cal., for defendants-appellees.
 Peter J. Pfister and Judith M. Schelly, Morrison & Foerster, San Francisco, Cal., for defendant-appellee Zip Temporary Personnel Services and individual defendants.
 Appeal from the United States District Court for the Northern District of California.
 Before SNEED, FARRIS and FERNANDEZ, Circuit Judges.
 FERNANDEZ, Circuit Judge:
 
 
 1
 David Moy ("Moy") appeals pro se the district court's denial of his motion to reconsider its order requiring pre-filing review of any complaints he might file in the district court in the future. We modify the district court's order and otherwise affirm.
 
 BACKGROUND FACTS
 
 2
 On September 7, 1987, Moy attempted to apply for temporary work referral through Zip Temporary Personnel Services, Corp. ("Zip") using a student identification card. His application was not accepted because he was unable to produce a valid California driver's license or California identification card--documents that Zip listed as necessary for the processing of an applicant's papers.
 
 
 3
 On September 16, 1987, Moy wrote a letter to Zip demanding an explanation of Zip's procedures. Zip responded, in a letter dated September 17, 1987, that a school identification card was now an acceptable form of identification and invited him to re-register. Instead of reapplying, he filed suit against Zip on September 23, 1987. Moy subsequently discovered that prior to Zip's refusal of Moy's application, a student identification card had been listed in the INS Handbook as an acceptable form of identification. Moy therefore claims that ZIP and INS officials misrepresented to him what identification was required in order to register, and wrongfully refused his offer of his student identification card.
 
 
 4
 Moy filed two consecutive actions against Zip based upon Zip's allegedly wrongful refusal to accept his student identification card. In the first action, he submitted three complaints and numerous motions to the court for consideration. The court finally dismissed the federal claim with prejudice for failure to state a cognizable claim. See Moy v. Zip Temporary Personnel Services Corp., C-87-4850 JPV (N.D.Cal. 4/12/88). The court refused to exercise subject matter jurisdiction over the pendent state claims and dismissed these claims without prejudice.
 
 
 5
 In the second action, Moy filed a claim against Zip and six employees of the Immigration and Naturalization Service ("INS") alleging claims under the Federal Tort Claims Act ("FTCA"). Although he ultimately dismissed this claim, he did so only after filing two complaints and extensive discovery directed at Zip. Each time that Zip acted defensively to protect itself (e.g., by filing a motion to dismiss), Moy would withdraw his pleadings.
 
 
 6
 The district court finally sua sponte issued a pre-filing review order after finding that Moy was engaging in abusive motions practice. The order directs the clerk of court not to "accept for filing any further complaints by the aforesaid David Moy until all such complaints have been subjected to pre-filing review by a Judge of this Court."
 
 
 7
 The pre-filing order was entered on March 20, 1989. Moy subsequently requested that the court reconsider its order. The court denied the motion for reconsideration on April 25, 1989. Moy filed a timely notice of appeal on May 20, 1989.
 
 STANDARD OF REVIEW
 
 8
 We review the district court's order restricting the filing of meritless claims for an abuse of discretion. Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1034 (9th Cir.1985), cert. denied, 476 U.S. 1183, 106 S.Ct. 2919, 91 L.Ed.2d 547 (1986).
 
 DISCUSSION
 I. Jurisdiction
 
 9
 The government contends that we do not have jurisdiction to entertain Moy's appeal because the district court's pre-filing review order is not a final order.
 
 
 10
 Although the district court never stated the basis of its authority to enter the pre-filing order, it is clear that the district court has authority to issue pre-filing injunctions pursuant to 28 U.S.C. Sec. 1651. See Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1524 (9th Cir.1983) ("district courts do have the power to reinforce the effects of [collateral estoppel and res judicata] by issuing an injunction against repetitive litigation"), cert. denied, 465 U.S. 1081, 104 S.Ct. 1446, 79 L.Ed.2d 765 (1984); In re Hartford Textile Corp., 681 F.2d 895, 897 (2d Cir.1982) ("[t]he equity power of a court to give injunctive relief against vexatious litigation is an ancient one which has been codified in the All Writs Statute, 28 U.S.C. Sec. 1651(a)"), cert. denied, 459 U.S. 1206, 103 S.Ct. 1195, 75 L.Ed.2d 439 (1983).
 
 
 11
 The government contends that we should not treat the court's order as an injunction because the order does not expressly enjoin Moy in any way. It argues that Moy is not prevented from filing any claim that he chooses to file, and that the court's order is merely an administrative order. The government relies heavily upon the dissent in Procup v. Strickland, 792 F.2d 1069, 1075-76 (11th Cir.1986) (en banc, per curiam) (Tjoflat, J., dissenting), in arguing that because Moy has not submitted a claim for review since the court issued its pre-filing order, and because the clerk of court has not refused to accept a claim for filing based upon the court's order, Moy's claim is not ripe and he has no standing.
 
 
 12
 This Circuit has not yet decided this issue, which is not without difficulty.[1] On the one hand, there is much to be said for the position that until some actual harm has befallen a litigant, he should not be able to appeal an order which is merely directed to the clerk of the court rather than to himself. In one sense, it can be said that the order, simpliciter, has no effect whatsoever upon the individual. It will not have an effect upon him until the clerk actually refuses to accept one of his pleadings, and perhaps, even then, not until a judge has refused to allow its filing. Moreover, the order imposes no greater restraint than that faced by all in forma pauperis litigants. See 28 U.S.C. Sec. 1915(d).
 
 
 13
 On the other hand, we recognize that the purpose and effect of the order is to pass a special rule directed specifically to appellant himself. Among all other citizens, he is to be restricted in his right of access to the courts. As far as he is concerned, his future filings run the risk of delay and even possible rejection before he can call upon defendants to respond to those filings. He will not even be permitted to enter the lists until a judicial officer gives him permission. That would, under the order before us, apply to any action he chooses to file. We cannot predict what harm might come to him as a result, and he should not be forced to predict it either. What he does know is that a Sword of Damocles hangs over his hopes for federal access for the foreseeable future.
 
 
 14
 More importantly, we enter territory that others have trod before us. Every appellate court that has considered the issue to date has ultimately found that it has jurisdiction to review the kind of order involved in this case, because it is a kind of injunction which affects the rights of litigants. See Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir.1989) (per curiam); Procup, 792 F.2d at 1071; In re Oliver, 682 F.2d 443, 445 (3d Cir.1982); In re Green, 669 F.2d 779 (D.C.Cir.1981). Cf. Traylor v. City of Atlanta, 805 F.2d 1420 (11th Cir.1986) (per curiam), cert. denied, 479 U.S. 1095, 107 S.Ct. 1313, 94 L.Ed.2d 167 (1987); Pavilonis v. King, 626 F.2d 1075 (1st Cir.), cert. denied, 449 U.S. 829, 101 S.Ct. 96, 66 L.Ed.2d 34 (1980). Furthermore, in Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir.1984), we took a similar point of view in similar circumstances. There, a district court limited a litigant to six in forma pauperis petitions per year. While we did not discuss the jurisdictional issue directly, it appears that we did review that order before the litigant reached his limit.
 
 
 15
 Thus, on balance, we hold that this court does have jurisdiction to review orders which preclude particular litigants from filing their pleadings. We have that jurisdiction even if the order is only directed to the clerk and even if no pleading has yet been rejected.
 
 II. The Merits
 
 16
 The government argues that even if we find that we have jurisdiction to review the appeal, we should uphold the court's order. Since an injunction preventing the relitigation of claims restricts an individual's access to the court system, it is an extraordinary remedy that should be narrowly tailored and rarely used. Wood, 705 F.2d at 1524-26; Franklin, 745 F.2d at 1231; In re Packer Ave. Assoc., 884 F.2d 745, 747 (3d Cir.1989). An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit. Oliver, 682 F.2d at 446.
 
 
 17
 The record reveals that prior to the issuance of the district court's order, Moy had filed over five claims against Zip and the government arising out of the same set of operative facts. Moy has wasted a great deal of the district court's and defendants' time and money attempting to relitigate claims that the district court has already found cannot be supported by the facts or the law. Thus, we sympathize with the district court's frustration with Moy.
 
 
 18
 However, the court's order is overly broad. The district court's order not only prevents Moy from filing any other claim based upon the facts and issues involved in Moy v. Zip Temporary Personnel Services Corp., C-87-4850 JPV (N.D.Cal. 4/12/88), but also prevents Moy from filing actions without leave of court based upon all other disputes in which he might be involved. There is no evidence on this record that Moy has a general history of litigious filing. Cf. Franklin, 745 F.2d at 1231.
 
 
 19
 We have the authority to modify the district court's order pursuant to 28 U.S.C. Sec. 2106. See Wood, 705 F.2d at 1523 n. 7. We therefore modify the district court's order to read as follows:
 
 
 20
 IT IS HEREBY ORDERED that the Clerk of this Court shall not accept for filing any further complaints by the aforementioned David Moy against any of the following defendants until all such complaints have been subjected to pre-filing review by a Judge of this Court: United States, Immigration and Naturalization Service, Zip Temporary Personnel Serv., Corp., Terri Smith, Susan Scarborough, Lorry Bishop, Leonard Fwartz, and Mary Meumier.
 
 CONCLUSION
 
 21
 The district court's order is most aptly characterized as a final order precluding the clerk from accepting papers from Moy without leave of court. It, therefore, immediately affects his rights. Thus, we have jurisdiction to hear the case.
 
 
 22
 The district court has more than sufficient justification for enjoining further complaints in this action in an effort to preserve the res judicata effect of its prior orders. However, we find the order to be overbroad since it is designed to prevent Moy from filing any complaint in any case without leave of court, although Moy has only been abusive in the area of this particular litigation.
 
 
 23
 We, therefore, modify the district court's order as set forth above and, as modified, we AFFIRM.
 
 SNEED, Circuit Judge, concurring:
 
 24
 Were I not bound by what I perceive to be the holding of Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir.1984), I would follow Chief Judge Tjoflat's dissent in Procup v. Strickland, 792 F.2d 1069, 1075-76 (11th Cir.1986), and hold Moy's appeal unripe.
 
 
 25
 As it is, I concur in the comprehensive opinion by Judge Fernandez.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 [1]
 In West v. Procunier, 452 F.2d 645, 646 (9th Cir.1971) (per curiam), we did consider an order that only ran to the clerk, but it appears that the clerk had, indeed, refused filings before the case came to us. We declined to decide whether we had jurisdiction but we affirmed. Id. Moreover, we have often reviewed injunctions against filing that run directly against the litigant himself. See Charlton v. Estate of Charlton, 841 F.2d 988, 989-90 (9th Cir.1988); DeNardo v. Murphy, 781 F.2d 1345, 1348 (9th Cir.), cert. denied, 476 U.S. 1111, 106 S.Ct. 1962, 90 L.Ed.2d 648 (1986); Cook, 775 F.2d at 1034; Wood, 705 F.2d at 1523-26