996 F.2d 1227
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert L. THEEDE, Plaintiff-Appellant,
v.
U.S. DEPARTMENT OF VETERANS AFFAIRS; et al., Defendant-Appellee.
 No. 91-15975.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided June 29, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert L. Theede appeals pro se the district court's orders dismissing his action and denying his motion for reconsideration. The district court dismissed Theede's complaint pursuant to an order barring future filings. Theede contends that the district court improperly dismissed his action and that he is entitled to have this action decided on the merits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand.[1] See De Long v. Hennessey, 912 F.2d 1144, 1149 (9th Cir.), cert. denied, 111 S.Ct. 562 (1990); accord Moy v. United States, 906 F.2d 467, 471 (9th Cir.1990).
 
 
 3
 On December 9, 1988, the district court in the Northern District of California issued an order finding that "Theede's filings [ ] have been patently meritless and repetitive and that Mr. Theede has abused the processes of this court and become a vexatious litigant." The order prohibited the clerk from filing any papers or further petitions from Theede. The order also bars Theede from filing "any papers, petitions or complaints" without a pre-filing judicial review.
 
 
 4
 Theede filed the instant action in the District of Arizona, Phoenix, alleging that he was terminated from his position as a dentist with the Veterans Administration, in violation of 29 U.S.C. §§ 621 et seq. and 42 U.S.C. § 2000e. The defendants filed a motion to dismiss for improper venue. On January 8, 1991, the district court in Arizona ordered Theede's action transferred to the Northern District of California, where it was subjected to the December 9, 1988, pre-filing order and dismissed.
 
 
 5
 Although district courts have the inherent power to restrict the filings of abusive litigants, see De Long, 912 F.2d at 1147, the December 9, 1988, pre-filing order entered in the Northern District of California does not apply to cases filed in one district and transferred to the Northern District. Because the December 9, 1988, pre-filing order does not apply to Theede's current action, we conclude that the district court abused its discretion by dismissing Theede's complaint.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court dismissed Theede's complaint on March 18, 1991. Theede filed a motion for reconsideration on April 9, 1991. The district court denied Theede's motion on May 15, 1991. Theede filed his notice of appeal on June 20, 1991. Because the district court never entered a separate judgment, Theede's notice of appeal is timely as to both orders. See Allah v. Superior Court, 871 F.2d 887, 890 (9th Cir.1989)