19 F.3d 25
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ali T. AGHA, Plaintiff-Appellant,
v.
SECRETARY OF the ARMY; William T. McGivern, Jr., U.S.
Attorney, William F. Murphy, Assistant U.S.
Attorney, et al., Defendants-Appellees.
 No. 92-16883.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided Feb. 25, 1994.
 
 Before: SCHROEDER, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ali T. Agha, a former instructor of Arabic at the Defense Language Institute (DLI) who brought employment discrimination actions against the Secretary of the Army based on the DLI's failure to rehire him, appeals pro se the district court's dismissal of his action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), against the Secretary of the Army, the Assistant United States Attorney who represented the Secretary in the underlying actions, William F. Murphy, and former United States Attorney William T. McGivern, Jr., and individuals who testified in those actions.[1] Agha contends the district court erred by (1) relating the instant action to Agha's three consolidated employment discrimination actions and denying him leave to amend his complaint; (2) denying his motion for a preliminary injunction; (3) dismissing his claims while his appeal of the order denying a preliminary injunction was pending; (3) dismissing his Bivens claims; and (4) declaring Agha a vexatious litigant. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 Order Relating Case
 
 3
 Agha filed this action during a continuance in his trial in his three consolidated employment discrimination actions. He sought declaratory and injunctive relief and money damages for alleged fraudulant misrepresentation, defamation, invasion of privacy, and infliction of emotional distress, based on the defendants' production of documents, answers to interrogatories, and testimony in the ongoing trial of Agha's consolidated actions against the Secretary. Because the claims in the instant case were based on the defense being presented in the ongoing trial, the district court did not abuse its discretion in treating the instant case as related. See Investors Research Co. v. United States District Court, 877 F.2d 777, 777 (9th Cir.1989) (order) (district court has broad discretion to consolidate cases pending in the same district); Fed.R.Civ.P. 42(a).
 
 Order Denying Leave To Amend Complaint
 
 4
 We review for abuse of discretion the denial of leave to amend a complaint after a responsive pleading has been filed. Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991). Denial of leave to amend once an answer has been filed is within the trial court's discretion if amendment would be futile. Id. Here, after the defendants had filed their answer, Agha sought leave to file an amended complaint adding allegations that defendant Murphy had libelled Agha in a memorandum of points and authorities submitted in support of Murphy's motion to dismiss. As discussed below, Murphy is absolutely immune for his actions before the district court as the government's attorney in this litigation. Because adding this claim would have been futile, the district court did not abuse its discretion in denying Agha leave to add these allegations to his complaint. See id.
 
 
 5
 Dismissal of Claims While Interlocutory Appeal Was Pending
 
 
 6
 Agha contends the district court lacked jurisdiction to dismiss his remaining claims while his interlocutory appeal from the denial of preliminary injunctive relief was pending in this court.[2] An appeal from an interlocutory order does not divest the district court of jurisdiction to continue with other phases of the case. Plotkin v. Pacific Tel. & Tel. Co., 688 F.2d 1291, 1293 (9th Cir.1982). Accordingly, the district court had jurisdiction to grant the defendants' motion to dismiss. See id.
 
 Dismissal of Bivens Claims
 
 7
 Agha contends the district court erred by dismissing his constitutional tort claims alleging that former United States Attorney McGivern, Assistant United States Attorney Murphy, and individual defendants Hassan Adam, Despina White, John Brown, Niniv Ibrahim, and Jowdat Yonan, solicited or made defamatory statements about him in answers to interrogatories, testimony, and documents submitted to the court, in the course of defending against Agha's three consolidated actions.
 
 
 8
 Government attorneys are absolutely immune from liability for damages based on their representation of their client in court, including arranging for the presentation of evidence to the court. Fry v. Melaragno, 939 F.2d 832, 835-38 (9th Cir.1991); See also Blevins v. Ford, 572 F.2d 1336, 1338 (9th Cir.1978). Accordingly, the district court properly dismissed Agha's claims against Assistant United States Attorney Murphy and former United States Attorney McGivern. See Melaragno, 939 F.2d at 837-38; Ford, 572 F.2d at at 1338. Witnesses in a judicial proceeding are also protected by absolute immunity for damage liability based on their testimony. Ford, 572 F.2d at 1338; see also Holt v. Castaneda, 832 F.2d 123, 124-25 (9th Cir.1987) (absolute immunity for witnesses applies in both trial and pretrial settings), cert. denied, 485 U.S. 979 (1988). Moreover, the district judge, who also tried Agha's consolidated cases, did not clearly err by finding that the testimony of the witnesses in those cases did not constitute fraudulent misrepresentation, defamation, or invasion of privacy. See Bouman v. Block, 940 F.2d 1211, 1218, 1224 (9th Cir.) (this court upholds district court's factual findings and determinations about a witness's credibility unless clearly erroneous), cert. denied, 112 S.Ct. 640 (1991); Fed.R.Civ.P. 52(a). Accordingly, the district court properly dismissed Agha's claims against the individual witnesses for allegedly defaming him, invading his privacy, and causing him emotional distress by testifying falsely against him. See Castaneda, 832 F.2d at 126.
 
 Vexatious Litigant Order
 
 9
 We review for abuse of discretion the district court's order declaring Agha a vexatious litigant. See Moy v. United States, 906 F.2d 467, 469 (9th Cir.1990). A district court may enter an appropriately tailored prefiling order in order to prevent relitigation of claims that the court has already found to be without merit. See id. at 470. When the district court entered its prefiling order, Agha had filed fourteen federal lawsuits, all based on his nonselection for employment by the Defense Language Institute, and had repeatedly reasserted claims that the district court had dismissed. The district court's order specified that it would require pre-filing review of any further complaints against nineteen named parties whom Agha had sued in his numerous lawsuits. The district court did not abuse its discretion in entering a prefiling order specifically designed to prevent Agha from bringing the same claims again. See id. at 470.
 
 AFFIRMED.[3]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Accordingly, appellant's request for oral argument is denied. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Agha also appealed the district court's judgment in favor of the Secretary in the underlying discrimination actions. The background of those actions is summarized in our memorandum decision in Agha v. Secretary of the Army, consolidated appeals Nos. 92-16921, 92-16923, and 92-16924, filed concurrently with this decision. The district court related the instant case to the three employment actions, and dismissed it in its final order on all four cases, entered on October 20, 1992
 
 
 [2]
 Agha v. Secretary of the Army, No. 92-16370 (dismissed for failure to prosecute on Dec. 14, 1992
 
 
 [3]
 The issue of the denial of preliminary injunctive relief became moot upon entry of the final judgment. See Planned Parenthood v. Arizona, 718 F.2d 938, 9 (9th Cir.1983)
 Appellees' motion to strike certain excerpt excerpts of record is granted. Agha's motion to bar the appellees from proceeding in this appeal is denied.