28 F.3d 1210
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Wilbur D. TINSLEY, Plaintiff-Appellant,
v.
MOORE BUSINESS FORMS, INC.; Douglas Amyx, Individually;
Vernon Sanders, Individually, Defendants-Appellees.
 No. 93-2086.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 14, 1994.
Decided: June 9, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., District Judge. (CA-93-1283)
 Wilbur D. Tinsley, appellant pro se.
 Thomas Allen Bright, William Andrew Arnold, Haynsworth, Baldwin, & Johnson & Greaves, P.A., Greenville, SC, for appellees.
 D.S.C.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before HALL and PHILLIPS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Wilbur Tinsley appeals from the district court's adoption of a magistrate judge's recommendation that Tinsley's action be dismissed. Tinsley also appeals the district court's award of attorneys' fees and costs to Defendants/Appellees. Finally, Tinsley appeals the district court's entry of an injunction against future filings in the district court. Although we find the dismissal and award of fees appropriate, we vacate the injunction and remand for further consideration.
 
 
 2
 This action was originally brought by Tinsley in state court; however, the Defendants removed the action to federal court on the basis of a claim in the complaint based on 42 U.S.C. Sec. 1983 (1988). This action is yet another of Tinsley's many recent attempts to gain damages on his contention that the Defendants wrongfully paid him workers' compensation benefits to avoid paying him unemployment benefits. Tinsley has been advised by both the district court and this Court that he fails to state a cause of action. Specifically, Tinsley fails to state a cause of action under Sec. 1983 because he has not alleged any state action by the private-actor Defendants. See 42 U.S.C. Sec. 1983. Thus, the district court properly dismissed his federal claim. Having dismissed the only federal cause of action in Tinsley's complaint, the district court properly noted that it was without jurisdiction to review Tinsley's state claim. United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). Thus, the action was properly dismissed.
 
 
 3
 The district court also had the authority to award attorneys' fees and costs to the opposing party. 42 U.S.C.A. Sec. 1988 (West 1981 & Supp.1993). Further, we review that award only for abuse of discretion. See id. Although pro se litigants are due some consideration in this respect, see Hughes v. Rowe, 449 U.S. 5, 14-15 (1980), the lack of legal basis in the present suit and Tinsley's undaunted attempt to gain relief on facts already shown to provide no basis for relief provided ample grounds for the district court's award of fees and costs against Tinsley. See Christianburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978).
 
 
 4
 The district court also entered a prefiling injunction which stated that Tinsley "shall be prohibited from filing further civil actions without permission of this court." We agree that, under the factors enunciated in Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir.1986), cert. denied, 479 U.S. 1099 (1987), a prefiling injunction of some sort was warranted. Tinsley's lawsuits are duplicative and vexatious; he cannot have a reasonable expectation of prevailing; and he has caused needless expense and burdens to other parties and the court.* However, the imposition of this particular injunction is defective for being overbroad.
 
 
 5
 Because prefiling injunctions limit access to the courts, they must be "carefully tailored" to address the specific circumstances presented. See Tripati v. Beamon, 878 F.2d 351, 352 (10th Cir.1989); see also DeLong v. Hennessey, 912 F.2d 1144, 1148 (9th Cir.), cert. denied, 498 U.S. 1001 (1990) (prefiling injunction must be "narrowly tailored"). An absolute bar to filing actions would be "patently unconstitutional." Procup v. Strickland, 792 F.2d 1069, 1071 (11th Cir.1986) (in banc); Moy v. United States, 906 F.2d 467, 470 (9th Cir.1990).
 
 
 6
 The injunction in this case prohibits Tinsley "from filing further civil actions without permission of this court." This language "has no borders." DeLong, 912 F.2d at 1148. Indeed, Tinsley apparently is barred indefinitely from filing any lawsuits without the court's permission. Thus, the terms of the injunction are not related to the circumstances giving rise to the injunction. This is improper. See DeLong, 912 F.2d at 1147; Moy v. United States, 906 F.2d 467, 470 (9th Cir.1990). Moreover, we note that there are no guidelines in the injunction suggesting how Tinsley may obtain the district court's permission to proceed. See Tripati, 878 F.2d at 354. Consequently, we are constrained to vacate the injunction imposed on Tinsley and remand for the district court to redraft the terms of the injunction. See Tripati, 878 F.2d at 352-53.
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 *
 We note that the better course is for the district court to specifically list findings that support its conclusion that the litigant is pursuing frivolous and/or harassing lawsuits. See DeLong v. Hennessey, 912 F.2d 1144, 1147 (9th Cir.1990)