56 F.3d 72
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Virginia Y. MORATA, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE, Defendant-Appellee.
Virginia Y. MORATA, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE, Defendant-Appellee.
Virginia Y. MORATA, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE, Defendant-Appellee.
Virginia Y. MORATA, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE, Defendant-Appellee.
 Nos. 94-16073, 94-16074, 94-16075, 94-16343.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 2, 1995.*
Decided May 5, 1995.
 
 Appeals from the United States District Court, for the Northern District of California, D.C. No. CV-91-01248-CAL, CV-92-01834-CAL and D.C. No. CV-92-04143-CAL; Charles A. Legge, District Judge, Presiding.
 Before: WALLACE, Chief Judge, HUG, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In appeal nos. 94-16073, 94-16074, and 94-16075, Virginia Morata, an employee of the United States Postal Service ("USPS"), appeals the dismissals of her actions alleging workplace harassment and breach of contract[1] as well as the entry of a pre-filing review order against her. In appeal no. 94-16343, Morata appeals a clerk's order which prevented the filing of a new action against the USPS in light of the challenged pre-filing review order. Morata contends that these underlying decisions violate her constitutional rights. We affirm the district court's dismissals and entry of a pre-filing review order. However, we lack jurisdiction to consider the refusal to file the complaint in appeal no. 94-16343.
 
 Dismissal of complaints
 
 3
 We have jurisdiction to review the district court's dismissals under 28 U.S.C. Sec. 1291. Recognizing our duty to "preserve the district courts' power to manage its dockets," Ferdish v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir.), cert. denied, 113 S. Ct. 321 (1992), we review the dismissal of complaints pursuant to Fed. R. Civ. P. 41(b) for an abuse of discretion. In re Eisen, 31 F.2d 1447, 1451 (9th Cir. 1994).
 
 
 4
 We have identified five factors to guide our review: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. (citation omitted); see also Malone v. United States Postal Service, 833 F.2d 128, 130-33 (9th Cir. 1987) (discussing application of factors), cert. denied sub nom., Malone v. Frank, 488 U.S. 819 (1988).
 
 
 5
 In each of the three complaints which were dismissed, Morata made numerous general allegations about acts of harassment and reprisal by defendant. At a pre-trial conference, the district court ordered Morata to provide specific details concerning her allegations -- e.g., the name of the perpetrator, the date of the incident, and the precise nature of the conduct -- and warned her that her claims would be dismissed if she failed to comply with these instructions. Morata, who was represented by counsel at the time, did not provide the details which the district court requested.
 
 
 6
 Given the deference we accord to the district court on the first two factors, In re Eisen, 31 F.3d at 1451-52, the reasonable instructions contained in the pre-trial order with which Morata did not comply, and the warning the district court gave to Morata that her claims would be dismissed for non-compliance, see Malone, 833 F.2d at 132 (warning of dismissal satisfies requirement that the district court consider alternatives to dismissal), we conclude that the district court did not abuse its discretion by dismissing Morata's claims pursuant to Fed. R. Civ. P. 41(b).[2]
 
 Entry of pre-filing review order
 
 7
 We have jurisdiction to review the entry of a pre-filing review order against Morata pursuant to 28 U.S.C. Sec. 1291.[3] See Moy v. United States, 906 F.2d 467, 470 (9th Cir. 1990). We review the entry of such orders for an abuse of discretion, but recognize that they must be "narrowly tailored and [should be] rarely used." Id. at 469-70.
 
 
 8
 We have established the following guidelines for the district court to utilize when entering a pre-filing review order:
 
 
 9
 (1) a plaintiff must be given adequate notice to oppose a restrictive pre-filing order before it is entered; (2) a trial court must present an adequate record for review by listing the case filings that support its order; (3) the trial court must further make substantive findings as to the frivolousness or harassing nature of the plaintiff's filings; and (4) the order must be narrowly tailored to remedy only the plaintiff's particular abuses.
 
 
 10
 O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (citing DeLong v. Hennessey, 912 F.2d 1144, 1147-49 (9th Cir. 1990)). We affirm for the reasons stated by the district court.
 
 Refusal to file subsequent complaint
 
 11
 We lack jurisdiction to review the clerk's order which prevented Morata from filing a subsequent complaint against the USPS. Compare with Serine v. Peterson, 989 F.2d 371, 372-73 (9th Cir. 1993).[4]
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds these cases suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Therefore, Morata's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 This claim is based on a 1982 agreement between Morata and the USPS in which the parties agreed that Morata would "not be the victim of harassment or reprisals of any kind in the future due to previously filed EEO Complaints or any other reason."
 
 
 [2]
 Defendant also argues that Morata's refusal to accept full relief during proceedings before the Equal Employment Opportunity Commission in appeal no. 94-16075 justifies a grant of summary judgment in their favor. Because the district court did not abuse its discretion in dismissing the complaints under Fed. R. Civ. P. 41(b), we need not address this independent ground for affirming relief in favor of the defendants
 
 
 [3]
 Defendant argues that we do not have jurisdiction to consider the entry of the pre-filing review order because Morata filed a motion for reconsideration after filing her notice of appeal and did not then file an amended notice of appeal following the district court's order reaffirming the entry of the pre-filing review order. Defendant's argument lacks merit. See Fed. R. App. P. 4(a)(4); Leader Nat'l. Ins. Co. v. Industrial Indem. Ins. Co., 19 F.3d 444, 445 (9th Cir. 1994)
 
 
 [4]
 In her reply brief, Morata contends she should not be ordered to pay defendant's costs for conducting a deposition. Because Morata presents this claim for the first time on appeal, we do not address the issue. See Thompson v. Commissioner, 631 F.2d 642, 649 (9th Cir. 1980), cert. denied, 452 U.S. 961 (1981)