94 F.3d 652
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eunice RUSSELL, Plaintiff-Appellant,
v.
Joseph T. THOMPSON; Laura G. Conti; James Carey Maupin;
Maria Carrillo; Century 21 Casablanca Realty,
Defendants-Appellees.
 No. 95-55813.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 8, 1996.*
Decided Aug. 14, 1996.
 
 Before: D.W. NELSON, T.G. NELSON, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eunice Russell appeals pro se the district court's dismissal of his action against numerous defendants for their roles in the administration of his deceased mother's estate. Russell argues, inter alia, that the district court abused its discretion in declaring him a vexatious litigant. We affirm.
 
 
 3
 The district court's Order restricting the filing of Russell's claims and subsequent dismissal for failure to comply with its order requiring him to furnish security for each defendant are reviewed for abuse of discretion. Moy v. United States, 906 F.2d 467, 469 (9th Cir.1990). An abuse of discretion is a "plain error, discretion exercised to an end not justified by the evidence, a judgment that is clearly against the logic and effect of the facts as are found." International Jensen, Inc. v. Metrosound U.S.A., Inc., 4 F.3d 819, 822 (9th Cir.1993).
 
 
 4
 Central District of California Local Rule 27A supplements the Court's inherent power to control vexatious litigation. A court may declare a litigant vexatious where the litigant: (1) "has abused the Court's process," and (2) "is likely to continue such abuse, unless protective measures are taken." C.D.Cal.R. 27A.3. In applying Rule 27A, a court may proceed by reference to California Code of Civil Procedure §§ 391-391.7. C.D.Cal.R. 27A.4.
 
 
 5
 The district court cited § 391 in determining that Russell had abused the court's process. Section 391 defines a vexatious litigant as, inter alia, one who "[h]as previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction or occurrence." Cal.Code Civ.P. § 391(b)(4). The district court also noted that Russell had filed a nearly identical suit in state superior court and suggested that Russell was merely re-characterizing his state claims as federal claims to avoid the state court's order that he furnish security.
 
 
 6
 The district court also found that Russell would likely continue to abuse the court's process without restraints on his actions. The court pointed not only to his re-characterization of the present claim, but also to evidence that Russell had filed 18 civil actions in the Los Angeles County Superior Court between 1990 and 1992 and had 15 different appeals pending before the California Court of Appeal as of October 28, 1992. The district court did not abuse its discretion in finding Russell to be a vexatious litigant and dismissing his action.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3