95 F.3d 1157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Howard Arthur KABAKOW, Plaintiff-Appellant,
v.
AMERICAN SAVINGS BANK, a federal savings bank; N.A.
Holdings, Inc.; Mario Antoci; Robert Bass;
Louis Esbin, Defendants-Appellees.
 No. 95-56234.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 23, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Howard Arthur Kabakow appeals pro se the district court's entry of a pre-filing review order against Kabakow. We have jurisdiction pursuant to 28 U.S.C. § 1291. See Moy v. United States, 906 F.2d 467, 470 (9th Cir.1990). We review the district court's decision to enter a pre-filing review order for abuse of discretion, see DeLong v. Hennessey, 912 F.2d 1144, 1146 (9th Cir.), cert. denied, 498 U.S. 1001 (1990), and we affirm in part, vacate in part, and remand.
 
 
 3
 This circuit recently announced guidelines to maintain th[e] delicate balance between broad court access and prevention of court abuse: (1) a plaintiff must be given adequate notice to oppose a restrictive pre-filing order before it is entered; (2) a trial court must present an adequate record for review by listing the case filings that support its order; (3) the trial court must further make substantive findings as to the frivolousness or harassing nature of the plaintiff's filings; and (4) the order must be narrowly tailored to remedy only the plaintiff's particular abuses.
 
 
 4
 O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir.1990) (citing DeLong, 912 F.2d at 1147-49).
 
 
 5
 Here, Kabakow was given notice and an opportunity to oppose entry of the pre-filing review order. Moreover, the district court created an adequate record for our review and this record supports the district court's finding that Kabakow had filed frivolous complaints with the intent to harass defendants.
 
 
 6
 With respect to the narrowness of the pre-filing review order, we conclude that the injunctions in subparagraphs (A)(1), (2), and (4) of the district court's order are "narrowly tailored to remedy only the plaintiff's particular abuses." See id. The district court's injunction in subparagraph (A)(3), however, is not sufficiently narrow. See id.
 
 
 7
 Accordingly, we affirm the district court's order with respect to subparagraphs (A)(1), (2), and (4) and vacate the district court's order with respect to subparagraph (A)(3).
 
 
 8
 Each party shall bear its own costs on appeal.
 
 
 9
 AFFIRMED in part, VACATED in part, and REMANDED.[1]
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Both Kabakow's and defendants' requests for judicial notice are granted. See Fed.R.Evid. 201