132 F.3d 40
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leon SANDERS, Plaintiff-Appellant,
v.
UNITED STATES GOVERNMENT; DevaL Patrick, Assistant, U.S.
Attorney General of Civil Rights Dept.; Charles F. Eick,
Judge; Robert N. Block, Magistrate Judge; Robert Kelleher;
Consuelo B. Marshal; Commissioner of The Social Security
Administration; Al Judge; Cynthia 1/ JOSSERAD, Defendants-Appellees
 No. 97-55595.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 18, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California WILLIAM MATTHEW BYRNE, Jr., Chief Judge, Presiding
 
 
 2
 Before: SNEED, LEAVY and TROTT Circuit Judges.
 
 
 3
 MEMORANDUM*
 
 
 4
 Leon Sanders appeals pro se the district court's dismissal without prejudice of his Bivens action against the United States and government officials, based on Sanders's failure to comply with a previously issued vexations litigant order. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion, see Moy v. United States, 906 F.2d 467, 469 (9th Cir.1990), and we affirm the district court's dismissal with modifications.
 
 
 5
 The entry of a pre-filing review order or vexatious litigant order is appealable both at the time it is entered and when it is applied to reject the filing of a particular complaint. See Moy v. United States, 906 F.2d 467, 469 70 (9th Cir.1990). As a consequence of numerous actions filed by Saunders against his ex-employer, Hughes Aircraft Company, the district court ordered that:
 
 
 6
 (1) plaintiff Leon Sanders is declared a vexatious litigant, on the finding that he has abused the court's process and is likely to continue such abuse, unless protective measures are taken; (2) he is prohibited after the date hereof from filing any complaint in this District Court without first obtaining written authorization from a District Court Judge or Magistrate Judge of this court, issued upon a satisfactory showing by plaintiff of law and evidence sufficient to support his claims, and without first providing security (in such amount as the Court deems appropriate on a case-by-case basis) to secure payment of any costs, sanctions or other amounts which may be assessed against him; and (3) the Clerkof the Court is directed not to accept any further filings of actions by plaintiff without payment of the normal filing fees, without prior written authorization from a District Court Judge or Magistrate Judge of this Court, and without plaintiff providing security in such amount as the amount as the Court has deemed appropriate for the particular case.
 
 
 7
 A district court must follow specific requirements before issuing a pre-filing order: (1) the plaintiff must be given notice and opportunity to oppose the order, (2) there must be an adequate record for review, (3) the court must make substantive findings of frivolousness, and (4) the order must be narrowly tailored to curb the abuses of this particular litigant. De Long v. Hennessey, 912 F.2d 1144, 1147-48 (9th Cir.1990).
 
 
 8
 Here, these requirements were not followed when the pre-filing order was issued. Although the court provided Sanders with notice and an opportunity to oppose the order, made findings of frivolousness and developed an adequate record for review, the order was not narrowly tailored because it prevents him from filing actions without leave of court upon all other disputes in which he might be involved, See Moy, 906 F.2d at 470-71.
 
 
 9
 "We have the authority to modify the district court's order pursuant to 28 U.S.C. § 2106." Id. We therefore modify the district court's order as follows: in section (2) of the order delete the words "any complaint" and replace it with "any further complaints arising out or relating to his employment with Hughes Aircraft Company and litigation concerning that employment"; and in section (3) after the word "actions", insert", as defined herein,". The action that Sander, sought to pursue in this case involved a challenge to the denials of his actions against Hughes Aircraft, and is therefore covered by the district court's vexatious litigant order, as modified.
 
 
 10
 We modify the district court's vexatious litigant order as set forth above and affirm the district court's dismissal of Sanders's action for failure to comply with that order.
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed F.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3