**Jenelle D'Anne BEAZLEY,**
**Plaintiff—Appellant,**

v.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA; Sharon M. Fujii; Dan Lungren; County of Orange; William G. Steiner; Todd Spitzer, James W. Silva; Charles V. Smith; Thomas W. Wilson; Michael R. Capizzi; Jan C. Sturla; Susan M. Delarue, Steven J. Hittelman; Alfredo Ortiz; Kathy Wiles; Lisa Odeh; Lionel S. Balasuriya; Martha Gutierrez; Mi-**

chael Schumacher; Diana E. Mendez; Carol Ann White; Eloise Anderson; Leslie Frye; Richard Williams, Defendants—Appellees.

No. 01–55576.

D.C. No. CV–00–00593–GLT.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 27, 2001 *.

Decided Feb. 26, 2002.

Before CHOY, SKOPIL and FERGUSON, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2). Accordingly, we deny the Beazleys' motion for oral argument.

**336**

## MEMORANDUM **

Jenelle D'anne Beazley ("Jenelle"), by and through Dwight Theodore Beazley ("Beazley"), her father and guardian ad litem (collectively "the Beazleys"), appeal the district court's dismissal of their complaint, which alleged that the defendants deprived Jenelle of her liberty and property rights without due process or equal protection of the laws and violated her rights under Title IV–D of the Social Security Act, 42 U.S.C. § 651 *et. seq.* On appeal, the Beazleys argue that: 1) their notice of appeal was timely because the sixty-day filing period applied; and 2) the district court erred by dismissing their complaint. We agree with their first argument, but reject the second.

### I. *Appellate Jurisdiction*

■ The sixty-day filing period of Fed. R.App. P. 4(a) applies whenever the plaintiff's allegations arise out of government activity and a defendant officer of the United States: was acting under color of office; *or* was acting under color of law or lawful authority; *or* is represented by a government attorney. *Wallace v. Chappell,* 637 F.2d 1345, 1348 (9th Cir.1981) (en banc) (per curiam). The Beazleys' allegations against Defendant-appellee Sharon Fujii arose out of government activity and her actions or omissions occurred under the color of her office. Therefore, the sixty-day filing period applied and the Beazley's notice of appeal was timely filed. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

### II. *Dismissal of the Complaint*

■ In 1997, the Beazleys filed a complaint in district court against several defendants, including eight of the defendants named in the instant case. The district court dismissed the 1997 case for lack of jurisdiction based on the *Rooker–Feldman* doctrine. In the instant case, all of the claims that the Beazleys raise against those eight defendants are barred by the res judicata doctrine because they were or could have been raised in the 1997 case. *See Rein v. Providian Fin. Corp.,* 270 F.3d 895, 898–99 (9th Cir.2001).

■ The res judicata doctrine does not apply to the defendants who were not named in the 1997 action. However, where the same claims are raised against the defendants who were named in the 1997 case and against those that were not, the same jurisdictional barriers exist. All of the Beazleys' claims, with the exception of those discussed *infra*, ultimately require review of the state court's decisions in the original paternity case or the litigation which stemmed from it. Therefore, the claims are barred by the *Rooker–Feldman* doctrine. *See Ahmed v. Washington,* 276 F.3d 464, 467 (9th Cir.2001) (stating that the *Rooker–Feldman* doctrine provides that a federal district court lacks subject matter jurisdiction to decide a case that would require it to review the decision of a state court, even if the case presents federal constitutional issues).

■ The Beazleys' claims against Fujii and their claim that Eloise Anderson, Leslie Frye, Richard Williams, Daniel Lungren, and Michael Schumacher failed to properly train and supervise their staff in the performance of their Title IV–D duties are not barred by the res judicata doctrine, nor are they barred by the *Rooker–Feldman* doctrine. However, the Beazleys essentially seek damages for the defendant's failure to comply with Title IV–D and such causes of action are not recog-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

nized by Title IV–D. *See Blessing v. Freestone,* 520 U.S. 329, 117 S.Ct. 1353, 137 L.Ed.2d 569 (1997). Because Title IV–D does not grant individual parents and children the right to enforce the substantial compliance requirements, the district court properly dismissed these claims.

### III. *Default Judgment*

During the pendency of this appeal, Carol Ann White filed a motion asking this court to set aside the default judgment against her. We construe her motion as a motion for remand to the district court. *Cf. Crateo, Inc. v. Intermark, Inc.,* 536 F.2d 862, 869 (9th Cir.1976). Insofar as the claims against White are barred by the *Rooker–Feldman* doctrine, the district court lacked subject matter jurisdiction and the default judgment is void. *See Watts v. Pinckney,* 752 F.2d 406, 409 (9th Cir.1985); *Gould v. Mutual Life Ins. Co.,* 790 F.2d 769, 772 (9th Cir.1986). White is entitled to relief from the judgment pursuant to Fed.R.Civ.P. 60(b)(4).

The district court's judgment and order denying the Beazleys' motion for reconsideration are AFFIRMED and White's motion for remand is GRANTED.