**Mel M. MARIN, aka Melvin M. Marinkovic, Plaintiff—Appellant,**

v.

**Ken TARR, in his personal capacity; et al., Defendants—Appellees.**

No. 02–15507.

D.C. No. CV–99–00900–MLS.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 16, 2003.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suit-

Mel M. Marin, pro se, San Diego, CA, for Plaintiff–Appellant.

Ismael A. Castro, Esq., AGCA—Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM **

Mel M. Marin (aka Melvin M. Marinkovic) appeals pro se from the district court's order denying his request for an extension of time to file a notice of appeal from the summary judgment dismissing his action under the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, 42 U.S.C. § 1983, and various state laws, and the district court's order enjoining Marin from commencing future litigation unless he complies with certain pre-filing restrictions. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion both the denial of a motion for an extension of time to file a notice of appeal, *Alaska Limestone Corp. v. Hodel,* 799 F.2d 1409, 1411 (9th Cir.1986) (per curiam), and the imposition of pre-filing restrictions, *Moy v. United States,* 906 F.2d 467, 469 (9th Cir.1990). We affirm in part, vacate in part, and remand.

■ The district court did not abuse its discretion when it denied Marin's motion seeking an extension of time within which to file a notice of appeal because Marin's belief that a pending vexatious litigant order somehow tolled the time within which to file a notice of appeal does not constitute "good cause." Fed. R.App. P. 4(a)(5)(A).

The district court abused its discretion when it enjoined Marin from commencing

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

any pro se lawsuit or other proceeding in any federal district court unless certain conditions were satisfied. Even though the court gave Marin sufficient notice and opportunity to oppose its order to show cause; provided a more than adequate record for review demonstrating that Marin's litigation activities were and are "numerous" and "abusive"; made substantive and detailed findings that both the content and the number of Marin's filings indicated frivolous litigation or a pattern of harassment; and found that the extraordinary scope of Marin's litigation activities warrants a broad injunction, the pre-filing restriction is not narrowly tailored. *De Long v. Hennessey,* 912 F.2d 1144, 1147–48 (9th Cir.1990).

■ The district court abused its discretion when it imposed a blanket pre-filing restriction upon all future litigation that Marin may attempt to pursue in any federal district court, whether or not such litigation is related to matters that have been heard in the Eastern District of California. *See Wood v. Santa Barbara Chamber of Commerce, Inc.,* 705 F.2d 1515, 1523–24 (9th Cir.1983) (upholding an injunction into prevent re-litigation in other courts so as to preserve principles of collateral estoppel and res judicata). Despite the fact that the "extraordinary" nature of Marin's litigation activities warrants an "extraordinary" response, *Franklin v. Murphy,* 745 F.2d 1221, 1231 (9th Cir.1984), the district court should consider upon remand whether it should narrow the scope of the restriction to all legal matters that Marin may attempt to pursue in the Eastern District.

Marin's other contentions lack merit.

AFFIRMED in part, VACATED in part and REMANDED.