Elbert **DAVIS**, Plaintiff—Appellant,

v.

**XEROX, INC.**, Defendant—Appellee.

No. 04–16412.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 15, 2005.

Elbert Davis, San Jose, CA, pro se.

Anthony R. Delling, Esq., Pillsbury Winthrop LLP, Los Angeles, CA, for Defendant—Appellee.

Before: O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

## MEMORANDUM **

Elbert Davis appeals pro se the district court's judgment dismissing on res judicata grounds his Title VII employment discrimination action and enjoining Davis from initiating further actions concerning his employment with Xerox. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal based on res judicata, *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir.2002)

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**658**

and review for abuse of discretion the district court's order restricting the filing of meritless claims, *Moy v. United States,* 906 F.2d 467, 469 (9th Cir.1990). We affirm.

The district court properly dismissed Davis's action on the basis of res judicata because it involves the same claims and parties as his prior federal action which culminated in a final judgment on the merits in 1981. *See Stewart,* 297 F.3d at 956.

The district court also properly enjoined Davis from filing further federal actions "arising out of alleged discrimination against Davis while he was employed by Xerox between 1975 and 1983." *See* 28 U.S.C. § 1651(a); *Moy,* 906 F.2d at 470–71 (narrowly-tailored injunctions are justified in response to plaintiff's filing of numerous meritless claims).

Davis's remaining contentions lack merit.

All of Davis's outstanding motions are denied.

Xerox's motion for sanctions pursuant to Fed. R.App. P. 38 is denied.

**AFFIRMED.**