Dwight Theodore BEAZLEY, Plaintiff–Appellant,

v.

Sharon M. FUJII; Eloise Anderson; Leslie Frye; Richard A. Williams; Daniel E. Lungren; County of Orange; Michael R. Capizzi; Jan C.

Sturla; Susan M. Delarue; Michael Schumacher; Dianna E. Mendez; Jerri L. Brownfield, Defendants–Appellees.

No. 04–56237.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 18, 2006.\*

Filed Jan. 8, 2007.

Norma Scott, Esq., Anaheim, CA, for Plaintiff–Appellant.

Before: KOZINSKI, O'SCANNLAIN and BYBEE, Circuit Judges.

MEMORANDUM \*\*

1. Beazley repeats claims and facts at issue in *Beazley v. Superior Court of Cali-*

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*fornia,* 35 Fed.Appx. 334 (9th Cir.2002) (*"Beazley II"*); all but one of his claims are thus barred by res judicata and collateral estoppel. Although Beazley's daughter was the named plaintiff in *Beazley II,* "when two parties are so closely aligned in interest that one is the virtual representative of the other, a claim by or against one will serve to bar the same claim by or against the other." [1] *Nordhorn v. Ladish Co.,* 9 F.3d 1402, 1405 (9th Cir.1993). The district court did not err in concluding that none of the exceptions to res judicata are applicable.

2. The classification of noncustodial parent has not been "administered by public authority with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations" on the basis of gender. *Compare Yick Wo v. Hopkins,* 118 U.S. 356, 373–74, 6 S.Ct. 1064, 30 L.Ed. 220 (1886), with *Washington v. Davis,* 426 U.S. 229, 238–39, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976).

Noncustodial parenthood itself is not a protected classification. Because Beazley doesn't show that discriminating against a noncustodial parent in determining child support payments is irrational, his remaining claim fails. *See Green v. City of Tucson,* 340 F.3d 891, 896 (9th Cir.2003).

3. The district court did not abuse its discretion in designating Beazley a vexatious litigant. *Moy v. United States,* 906 F.2d 467, 469 (9th Cir.1990).

**AFFIRMED.**

---

1. We grant Beazley's motion that we take judicial notice of the complaint and partial transcript in *Beazley II.* Fed.R.Evid. 201. We have considered these documents and find them consistent with our analysis.