**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KRISHNA REDDY,

    Plaintiff - Appellant,

 v.

WEBMEDX, INC.; et al.,

    Defendants - Appellees.

No. 12-56602

D.C. No. 2:12-cv-02406-CAS-JC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted July 22, 2014[**]

Before:  GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

 Krishna Reddy appeals pro se from the district court's order dismissing her

employment action alleging federal and state law for discrimination, retaliation,

and wrongful termination on the basis of a vexatious litigant order issued against

her in a prior action in 2003 (the "2003 Vexatious Litigant Order"). We have

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. *Moy v. United States*, 906 F.2d 467, 469-70 (9th Cir. 1990) (jurisdiction exists to review a pre-filing order before any pleading is rejected under it because it is "a kind of injunction which affects the rights of litigants"). We review for an abuse of discretion, *id.* at 469, and we affirm.

In a previous appeal, this court affirmed the district court's imposition of the 2003 Vexatious Litigant Order against Reddy, requiring her to post a $5,000 bond and to obtain the district court's permission before filing any future actions against any defendant in the Central District of California. *See Reddy v. Stotler*, No. 03-56283, 114 F. App'x 905 (9th Cir. Dec. 10, 2004). Because Reddy failed to post bond or to obtain the district court's permission before filing this action in compliance with the 2003 Vexatious Litigant Order, the district court did not abuse its discretion by dismissing the action without prejudice. *Cf. In re Fillbach*, 223 F.3d 1089, 1090-91 (9th Cir. 2000) (affirming dismissal of a petition filed in district court to try to circumvent the bankruptcy court's vexatious litigant order).

The district court did not abuse its discretion by denying Reddy's motions for reconsideration, for a transfer of the action to the Northern District of California, and for disqualification of all but one of the judges of the Central District of California because Reddy failed to establish grounds for such relief. *See* C.D. Cal. R. 7-18 (motion for reconsideration); *Sch. Dist. No. 1J, Multnomah*

*Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and factors for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b)); *see also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (setting forth standard of review and factors for transfer of an action for improper venue); *Voigt v. Savell*, 70 F.3d 1552, 1565 (9th Cir. 1995) (setting forth standard of review and factors warranting disqualification of a judge under 28 U.S.C. § 455).

We reject Reddy's contentions regarding the recusal of all "Republican President-nominated" judges on this court and district court judges who are allegedly biased against her; the alleged non-existence of the 2003 Vexatious Litigant Order; the invalidity of various prior vexatious litigant orders against her; defendants' alleged intentional misrepresentation of the facts and the law in this action; and the reassignment of this action to a different district court judge.

**AFFIRMED**.