**Henry ANDERSON,
Petitioner–Appellant,**

v.

**Robert H. BUTLER, Warden, Louisiana
State Penitentiary, et al.,
Respondents–Appellees.**

**No. 88–3577.**

United States Court of Appeals,
Fifth Circuit.

Oct. 19, 1989.

Henry Anderson, Angola, La., pro se.

Sandra Pettle and A. Hammond Scott, Asst. Dist. Attys., New Orleans, La., for respondents-appellees.

Before BROWN, REAVLEY and HIGGINBOTHAM Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Petitioner Henry Anderson, a state prisoner in Louisiana, pro se, appeals the denial of his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 and the imposition of Fed.R.Civ.P. 11 sanctions in the amount of $75.00. We conclude that Rule 11 is applicable to habeas claims but its sanctions may be applied only in exceptional circumstances not met here. We affirm the dismissal of the petition, but reverse the order of sanctions.

I

Petitioner was convicted for armed robbery in Louisiana state court in 1977. Since he had previously been convicted for armed robbery in 1965, the trial court sentenced him, as a repeat offender, to 40 years in prison. In February 1988, petitioner sought a writ of habeas corpus in the District Court for the Eastern District of Louisiana, on the ground that the 1965 conviction was invalid and thus was improperly used to enhance his 1977 sentence. He claimed the 1965 conviction was invalid because he was denied counsel of his choice at trial, and because he had no counsel at all at his sentencing hearing. The district court dismissed the petition and imposed sanctions.

The Louisiana courts granted Petitioner habeas relief in 1971 when he challenged the 1965 conviction. At the direction of the Louisiana Supreme Court, the Orleans Parish District Court conducted an evidentiary hearing, set aside the original sentence, and in the presence of trial counsel and counsel appointed for purposes of resentencing, ordered petitioner to serve twenty years for the 1965 armed robbery, with credit for time already served.

Petitioner then shifted his effort to federal court, twice seeking habeas relief because the second sentence allegedly did not cure the defect in the first. The district court dismissed both petitions for failure to exhaust state remedies. *Anderson v. Henderson*, CA 71–2865H (E.D.La.1971), and CA 74–963H (E.D.La.1974). He returned claiming the 1965 conviction was invalid because he did not have counsel to advise him of his right to appeal. After an evidentiary hearing, the district court denied the petition. *Anderson v. Henderson*, CA 74–0458 (E.D.La.1974). Petitioner sought federal habeas relief again in 1980, attacking the enhancement of his 1977 sentence on the same grounds he does now. The district court dismissed for failure to exhaust state remedies. *Anderson v. Butler*, CA 80–4982H (E.D.La.1980). Finally, he attacked the 1977 conviction with two separate federal petitions, both of which the district court dismissed with prejudice. *Anderson v. Butler*, CA 81–0995H (E.D. La.1981), and CA 81–1097G (E.D.La.1981).

In 1987, Petitioner finally returned to the Louisiana courts to exhaust his attacks on the enhancement of the 1977 sentence. The state courts gave him no relief, and he brought the present petition.

II

The district court properly dismissed the petition. Any error in the 1965 sentencing proceedings was corrected by the Louisiana courts long before 1977. Petitioner did not renew his other claim—that he was improperly denied counsel of his

choice at the 1965 trial—in his application to this court for a certificate of probable cause, so we hold he has abandoned it. *Beasley v. McCotter*, 798 F.2d 116 (5th Cir.1986), *cert. denied*, 479 U.S. 1039, 107 S.Ct. 897, 93 L.Ed.2d 848 (1987).

## III

■ Rule 11 of the Rules Governing § 2254 Cases provides that the Federal Rules of Civil Procedure may be applied to § 2254 petitions, "to the extent that they are not inconsistent with these rules." In determining whether a given rule is inconsistent, we are to look to the " 'overall framework of habeas corpus.' " *United States v. Frady*, 456 U.S. 152, 166 n. 15, 102 S.Ct. 1584, 1593 n. 15, 71 L.Ed.2d 816 (1982). That overall framework reflects the fact that the writ of habeas corpus is no ordinary civil proceeding.[1] The thread of its history runs the length of our Anglo–Saxon legal tradition. Its core function has, at least in the United States, enjoyed attributes that set it apart from ordinary civil litigation and apart from the process of direct appeal of criminal cases. This uniqueness includes a specie of trump-card power—a check on government's restraint of liberty supplementary to other checking mechanisms. The writ's freedom from the limiting clasp of the ordinary rules of issue and claim preclusion is integral to its special role. Should we stop its description at this level of generality we might well hesitate to find the power to sanction granted by Rule 11 of the Federal Rules of Civil Procedure to be consistent with the grand purposes of the writ. After all, on the one hand punishing challenges to power while on the other hand creating the opportunity to question power as a desired end, inherently risks collision.

However, this description is a far cry from the writ in practice today under 28 U.S.C. § 2254. At least since *Brown v. Allen*, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953), the writ has functioned in a manner not wholly dissimilar from appeals to the inferior federal courts of state rulings on federal issues in state criminal cases. It is not the extraordinary. It is the ordinary; and we cannot ignore the reality that the expansion by the Supreme Court of the scope of review of state convictions under 28 U.S.C. § 2254 over the past thirty six years is the product of the writ's nigh necessity to the Supreme Court's role as the arbiter of federal questions in general and constitutional norms in particular. The unspoken premise is that appeals from rulings on federal questions in state criminal trials cannot be handled solely on certiorari from state courts. Directly stated, judicial expansion of the writ and the expansion of constitutionally secured rights of criminal defendants are hardly mere serendipitous circumstances. There is much more. But for our purposes here the point is plain. The present character of federal habeas attacks on state convictions is now sufficiently similar in function to ordinary appeals that we cannot conclude that the application of Rule 11 is inappropriate across the board.

At the same time, a cursory review of the docket of the Supreme Court and of this court make plain that the certainty of ordinary civil cases, policed by adherence to precedent and other repose securing principles such as issue and claim preclusion, is absent to a significant degree in federal habeas attacks upon state convictions.

As the writ has increasingly functioned as an appeal, its freedom from preclusion rules has been limited by judicially spun doctrines such as *Stone v. Powell*'s [2] fair opportunity to be heard and writ abuse. Despite the erosion of its freedom from rules of preclusion, the writ retains much of its trump-card role—reflecting our willingness to listen to prisoners, particularly where there are colorable arguments of factual innocence.[3] Prisoners, because

---

1. See Yackle, Explaining Habeas Corpus, 60 N.Y.U.L.Rev. 991 (1985).

2. *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1965); Barry Friedman, A Tale of Two Habeas, 73 Minn.Rev. 247, 274 (1988).

3. *Kuhlmann v. Wilson*, 477 U.S. 436, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986); see also Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal Judgments, 38 U.Chi.L.Rev. 142 (1970).

they are prisoners, must be given especial latitude in their contentions of illegality, both because they are usually without substantial means and because such latitude is essential to the trump-card role of the writ.

Finally, we must not forget that judges are likely the major cause of the turbulence in the legal waters where the prisoners must swim. Sanctions for prisoner abuses of the writ when the abuse is little more than the anticipatable product of judicial failures is untoward at best. And many cases of abuse by prisoners are just that; if the abuses are nuisances it is often because we made them attractive.

■ We are then persuaded that Rule 11 of the Federal Rules of Civil Procedure is applicable to petitions filed under 28 U.S.C. § 2254. At the same time, the standard for imposing sanctions must reflect the writ's special role, the resources of prisoners, and the uncertainty in the law. It must also reflect the disciplinary regimen internal to the rules for habeas such as Rule 9, as well as relevant judicially developed doctrines such as writ abuse and complete exhaustion of state remedies. For example, dismissal where appropriate for writ abuse ordinarily should be adequate without resort to Rule 11. Correspondingly, when such dismissals fail, Rule 11 properly may come into the picture. The combination of these realities in the prosecution of writs today calls for the use of sanctions only in the most egregious circumstances and where the court has specifically found that sanctions are indispensable, that other remedies are inadequate and that its use of Rule 11 is tailored to the found wrong. Such cases seldom should be found, and rarely outside the presentation of successive writs. The inquiry is whether the contention is utterly frivolous and whether it is asserted with no good faith belief in its validity. That the prisoner is without counsel is relevant to this inquiry. We have not faced this question before, but we are not alone in our view.

The First Circuit faced the applicability of Rule 11 of the Fed.R.Civ.P. to habeas proceedings in *United States v. Quin*, 836 F.2d 654 (1st Cir.1987), upholding sanctions imposed on a § 2255 petitioner's attorney, when the petition was no more than a transparent attempt to thwart deportation proceedings and contained no meritorious arguments. Although he agreed that the district court properly dismissed the petition, Judge Coffin dissented on the sanctions issue, stating that courts should impose sanctions "only if it is clearly authorized and indispensable to prevent frivolous litigation." 836 F.2d at 658.

■ Turning to the sanctions imposed in this case, we conclude that they must be vacated. Petitioner had no lawyer. The district court had not previously ruled on the merits of the claims in the petition and there is nothing to suggest that the district court had insufficient control without use of Rule 11. We AFFIRM the district court's dismissal of the petition for writ of habeas corpus and REVERSE its imposition of sanctions.