45 F.3d 427
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 James POUNCY, Jr., Petitioner-Appellant,
v.
Edward W. MURRAY, Director, Respondent-Appellee.
 No. 93-7267.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 10, 1994.
Decided Jan. 10, 1995.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. John A. MacKenzie, Senior District Judge. (CA-93-959-N)
 James Pouncy, Jr., Appellant Pro Se.
 E.D.Va.
 AFFIRMED IN PART AND REVERSED IN PART.
 Before WIDENER and WILKINSON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 James Pouncy, Jr., a Virginia prisoner, appeals from the district court's order dismissing, as successive, his 28 U.S.C. Sec. 2254 (1988) petition in which he claimed that the state improperly calculated his good conduct allowance. This was Pouncy's third attempt in federal court to challenge the computation of his good conduct allowance.* The district court issued an order directing Pouncy to show cause why his petition should not be dismissed as successive pursuant to Rule 9(b), Rules Governing Section 2254 Cases. Pouncy's response (that application of Virginia's good conduct allowance policy to him "violat[ed] the ex post facto clause") was basically identical to the claim he raised in his previous actions. (See n. 1). The district court then dismissed Pouncy's petition as successive as well as abusive, and assessed "costs" in the amount of $150. Pouncy timely appealed. We grant a certificate of probable cause to appeal.
 
 
 2
 Our review of the record and the district court's opinion reveals that this appeal is without merit as to the dismissal of Pouncy's petition as successive. See Sanders v. United States, 373 U.S. 1 (1963). However, we reverse the portion of the order assessing "costs." This Court reviews all aspects of a district court's decision to invoke Fed.R.Civ.P. 11 for an abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990). Sanctions under Rule 11 may be imposed in habeas proceedings "only in the most egregious circumstances and where the court has specifically found that sanctions are indispensable, that other remedies are inadequate and that its use of Rule 11 is tailored to the found wrong." Anderson v. Butler, 886 F.2d 111, 114 (5th Cir.1989). In Anderson, the Fifth Circuit reversed the district court's order which assessed a $75 sanction upon dismissing Anderson's seventh federal habeas petition as successive. The court held that, although Rule 11 may be applicable to Sec. 2254 petitions, "the standard for imposing sanctions must reflect the writ's special role, the resources of prisoners, and the uncertainty in the law.... The inquiry is whether the contention is utterly frivolous and whether it is asserted with no good faith belief in its validity. That the prisoner is without counsel is relevant to this inquiry." Id.
 
 
 3
 With this standard in mind, we find that the district court abused its discretion by imposing monetary sanctions in addition to dismissing the petition. Therefore, although we affirm the dismissal of the petition, we reverse the portion of the order assessing costs of $150. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED IN PART, REVERSED IN PART.
 
 
 
 *
 See Pouncy v. Murray, No. 91-6081 (4th Cir. Sept. 20, 1991) (unpublished) (affirming the district court's order granting summary judgment to the Defendants on Pouncy's 42 U.S.C. Sec. 1983 (1988) claim alleging improper calculation of his good conduct allowance); Pouncy v. Murray, No. 92-6285 (4th Cir. Nov. 25, 1992) (unpublished) (affirming the district court's order denying his motion to set aside the prior judgment under Fed.R.Civ.P. 60(b))