**Ronald Allen GALESKA, Petitioner,**

v.

**Warden DUNCAN, et al., Respondents.**

Civ. No. CV 94–7776–WDK (Mc).

United States District Court,
C.D. California.

June 29, 1995.

---

Ronald Galeska in pro. per.

Daniel E. Lungren, Atty. Gen. of the State of Cal., George Williamson, Chief Asst. Atty. Gen., Carol Wendelin Pollack, Sr. Asst. Atty. Gen., Linda C. Johnson, Supervising Deputy Atty. Gen., and Lauren Dana, Deputy Atty. Gen., Los Angeles, CA, for respondents.

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

KELLER, District Judge.

Pursuant to 28 U.S.C. section 636(b)(1)(B), the Court has reviewed the pleadings and other papers herein, the Report and Recommendation of the United States Magistrate Judge, and approves and adopts the Magistrate Judge's findings, conclusions and recommendations.

IT IS ORDERED that the Clerk shall serve copies of this Order and the Judgment by United States Mail on the petitioner and the Attorney General for the State of California.

## ORDER TO THE CLERK OF THE COURT

The motion of the respondents to restrict the petitioner's access to the court is granted.

The Clerk of the Court shall not accept for filing any petition for writ of habeas corpus under 28 U.S.C. section 2254 naming Ronald Allen Galeska as a petitioner and asserting claims arising out of his state court conviction for first degree murder and financial gain special circumstances (California Superior Court for the County of Ventura, case no. CR 21718) unless and until the petitioner first files with the Clerk an application for leave, bearing the caption "Application Seeking Leave to File." The application for leave shall include a copy of this Order to the Clerk of the Court. Any such habeas petition shall not be filed:

(i) without prior written authorization from a United States District Judge or a United States Magistrate Judge upon such showing of evidence supporting the claim as the judge may require; and

(ii) without a signed declaration under penalty of perjury by Ronald Allen Galeska describing facts meeting the requirements of cause and prejudice or a fundamental miscarriage of justice.

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE ON A PETITION FOR HABEAS CORPUS BY A PERSON IN STATE CUSTODY

McMAHON, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable William D. Keller, United States District Judge, pursuant to 28 U.S.C. section 636 and General Order 194 of the United States District Court for the Central District of California.

On November 17, 1994, the petitioner filed a petition for writ of habeas corpus under 28 U.S.C. section 2254. For the reasons discussed below, the magistrate judge recommends that the court dismiss the petition as an abuse of the writ. The magistrate judge

further recommends that the court issue a pre-filing order restricting the petitioner's ability to file future petitions in this court.

## BACKGROUND

On August 23, 1987, following a bench trial in the Ventura County Superior Court, the petitioner was convicted of first degree murder. The court also found that the petitioner committed the murder for financial gain. The petitioner was sentenced to life without possibility of parole.

On direct appeal, the petitioner argued that the trial court erred by failing properly to advise him of his rights prior to his entry of a "slow plea"; and by failing to dismiss a special circumstance allegation that the murder was intentional and carried out for financial gain pursuant to *People v. Bigelow,* 37 Cal.3d 731, 209 Cal.Rptr. 328, 691 P.2d 994 (1984). He also raised a claim regarding the retroactive application of *People v. Howard,* 44 Cal.3d 375, 243 Cal.Rptr. 842, 749 P.2d 279, *cert. denied,* 488 U.S. 871, 109 S.Ct. 188, 102 L.Ed.2d 157 (1988), which the California Court of Appeal declined to address. *People v. Howard, supra,* is a case discussing the scope of the financial gain special circumstance instruction under California law. On January 20, 1989, the Court of Appeal affirmed the conviction. (Answer, ex. A). The California Supreme Court denied the petitioner's petition for review on April 20, 1989.

On July 13, 1989, the petitioner filed the first of nine federal habeas corpus petitions, case no. CV 89–4219–DT(S). The petitioner alleged that the ex post facto clause was violated by retroactively applying *Howard,* 44 Cal.3d 375, 243 Cal.Rptr. 842, 749 P.2d 279, rather than *Bigelow,* 37 Cal.3d 731, 209 Cal.Rptr. 328, 691 P.2d 994 to support the financial gain special circumstance allegation. He also alleged: that the ex post facto clause was violated by the enactment of California Penal Code section 28(b), which eliminated the defense of diminished capacity; that his guilty plea was invalid because it was a "slow plea" and he did not waive all of his rights; and that he was mentally impaired when he committed the crime. (Answer, ex. D). The court dismissed the petition on December 19, 1989, for failure to exhaust state remedies. (Answer, ex. E).

On July 13, 1989, the same day he filed the first federal petition, the petitioner filed a second federal habeas petition, case no. CV 89–4220–RSWL(S). The second petition alleged the same grounds as the first petition. (Answer, ex. F). The court dismissed the second petition on December 19, 1989, for failure to exhaust state remedies. (Answer, ex. G).

The petitioner then filed two petitions for a writ of habeas corpus with the California Supreme Court. The first petition alleged that the petitioner's "slow plea" was invalid and that the evidence did not support first degree murder due to the petitioner's diminished capacity and the fact that no deadly weapon was used. The second petition alleged: that the evidence did not support first degree murder due to the petitioner's diminished capacity; that the financial gain special circumstance instruction was improper; and that the petitioner did not waive his right to a jury trial on the financial gain allegation. The petitions were dismissed on April 4, 1990, and June 13, 1990, respectively.

On June 28, 1990, the petitioner filed his third federal habeas petition, case no. CV 90–3384–RSWL(S). He alleged that his guilty plea was invalid because it was a "slow plea" and he was not properly advised of his rights; and that the evidence was insufficient to prove intent because the petitioner was suffering from mental illness. (Answer, ex. B). This court dismissed this petition on the merits with prejudice on May 8, 1991. (Answer, ex. C).

On June 28, 1990, the same day he filed his third petition, the petitioner filed a fourth federal habeas petition, case no. CV 90–3385–WDK(S). The fourth petition alleged: that the ex post facto clause was violated by the retroactive application of *Howard,* 44 Cal.3d 375, 243 Cal.Rptr. 842, 749 P.2d 279 to support the financial gain special circumstance allegation; that the petitioner's guilty plea was invalid because it was a "slow plea"; and the petitioner should have been found not guilty by reason of insanity. (Answer, ex. J). This court dismissed this petition on August 17, 1990, without prejudice to the petitioner's

right to file a new petition alleging clear and specific facts. (Answer, ex. K).

On November 20, 1991, the California Supreme Court dismissed the petitioner's third state habeas corpus petition. This petition challenged the petitioner's "slow plea," the prosecutor's closing argument, and the trial court's failure to dismiss the financial gain special circumstance allegation.

The petitioner filed a fifth federal habeas corpus petition, which he amended on February 20, 1992, case no. CV 91–7012–AWT(S). The petitioner alleged: that he received ineffective assistance of counsel because his attorney failed to introduce evidence of mitigating factors at the penalty phase, failed to discover exculpatory evidence, and failed to interview the petitioner; and that the prosecutor violated the due process clause by increasing the charges. (Answer, ex. H). This court dismissed the petition without prejudice on August 25, 1992, for failure to exhaust state remedies. (Answer, ex. I).

On August 14, 1992, while the fifth petition was pending, the petitioner filed a sixth federal habeas petition, case no. CV 92–4870–WDK(S). The sixth petition raised the same claims as those raised in the fifth petition. (Answer, ex. L). On March 12, 1993, the court dismissed the sixth petition as an abuse of writ. The petition was dismissed without prejudice to the petitioner's right to file a new petition showing cause and prejudice or a fundamental miscarriage of justice. (Answer, ex. M).

On March 8, 1993, while the sixth petition was pending, the petitioner filed a seventh federal habeas petition, case no. CV 93–1334–WDK(S). The petitioner alleged: that he received ineffective assistance of counsel because his trial attorney did not assert a diminished capacity defense, did not present mitigating evidence at the penalty phase, did not conduct discovery, and did not interview the petitioner; and that the prosecutor violated the due process clause by increasing the charges. (Answer, ex. P). On July 8, 1993, the court denied the petition, with prejudice, as an abuse of the writ. (Answer, ex. Q).

The petitioner filed his eighth federal habeas petition, case no. CV 93–2480–WDK(S), on April 29, 1993, while the seventh petition was pending. The petitioner alleged that his attorney rendered ineffective assistance of counsel by failing to raise mitigating evidence at the penalty phase, failing to investigate the facts and defenses; and the prosecutor violated the due process clause by increasing the charges. (Answer, ex. N). The court dismissed the eighth petition on September 9, 1993, as an abuse of the writ. The petition was dismissed without prejudice to the petitioner's right to file a new petition showing cause and prejudice or a fundamental miscarriage of justice. (Answer, ex. O).

On July 18, 1994, the petitioner filed his fourth state habeas corpus petition. He alleged that the *ex post facto* clause was violated by the retroactive application of *Howard*, 44 Cal.3d 375, 243 Cal.Rptr. 842, 749 P.2d 279, rather than *Bigelow*, 37 Cal.3d 731, 209 Cal.Rptr. 328, 691 P.2d 994, to support the financial gain special circumstance allegation. The California Supreme Court denied the petition on September 7, 1994.

### PETITIONER'S CONTENTION

In the current federal petition, his ninth, the petitioner contends that the *ex post facto* clause was violated by the retroactive application of *Howard*, 44 Cal.3d 375, 243 Cal. Rptr. 842, 749 P.2d 279, rather than *Bigelow*, 37 Cal.3d 731, 209 Cal.Rptr. 328, 691 P.2d 994, to support the financial gain special circumstance allegation.

### DISCUSSION

**A. Abuse of the Writ.**

Respondents contend that the petitioner has abused the writ by asserting a new claim not raised in his third federal habeas corpus petition (case no. CV 90–3384–RSWL(S)), which was dismissed on the merits, with prejudice.

An abusive claim is a claim alleging a new and different ground for relief for the first time in a subsequent habeas petition. *See* 28 U.S.C. § 2254 Rule 9(b); *Schlup v. Delo*, —— U.S. ——, ——, 115 S.Ct. 851, 863 n. 34, 130 L.Ed.2d 808 (1995); *McCleskey v.*

*Zant,* 499 U.S. 467, 470, 111 S.Ct. 1454, 1457, 113 L.Ed.2d 517 (1991). Abusive claims may be dismissed without reaching their merits. *See* 28 U.S.C. § 2254 Rule 9(b); *Harris v. Vasquez,* 949 F.2d 1497, 1511 (9th Cir.1991), *cert. denied,* 503 U.S. 910, 112 S.Ct. 1275, 117 L.Ed.2d 501 (1992).

■ As noted above, the petitioner's third federal habeas petition was denied on the merits with prejudice. The *ex post facto* claim raised in the current petition was not raised in the third petition. Therefore, the current claim is abusive.

■ To excuse his failure to raise this claim in his third habeas petition, the petitioner must show cause for failing to raise it and prejudice arising therefrom. *McCleskey,* 499 U.S. at 494, 111 S.Ct. at 1470. To show cause, the petitioner must demonstrate that some objective factor external to the defense impeded his efforts to raise the claim in his third habeas petition. *Id.* at 493, 111 S.Ct. at 1470. *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). Acceptable objective factors include interference by officials that makes the assertion of the claim impracticable, a showing that the factual or legal basis for the claim was not reasonably available, or constitutionally ineffective assistance of counsel. *McCleskey,* 499 U.S. at 493–94, 111 S.Ct. at 1469–70. *Murray,* 477 U.S. at 488, 106 S.Ct. at 2645.

■ In evaluating cause, this court focuses on whether the petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege the claim in the third petition. *McCleskey,* 499 U.S. at 498, 111 S.Ct. at 1472. "The requirement of cause in the abuse of the writ context is based on the principle that petitioner must conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition." *Id.*

■ Based on the record, the petitioner can not establish cause and prejudice. The petitioner first asserted a claim regarding the application of *Bigelow* and the retroactive application of *Howard* to support the financial gain allegation on direct appeal in state court. It is not clear from the present record whether this claim was asserted in terms of a federal *ex post facto* violation. However, the fact that this issue was raised on appeal demonstrates that the petitioner had a sufficient basis for framing the issue as a federal *ex post facto* violation prior to filing the third federal petition.

Furthermore, the petitioner raised the current *ex post facto* claim in his first and second federal habeas petitions, which the court dismissed without prejudice for failure to exhaust. He also raised the current *ex post facto* claim in his fourth federal petition, which was filed the same day as the third petition. Therefore, there is no doubt that the petitioner could have raised this issue in his third habeas petition. In his traverse, the petitioner does not even attempt to establish cause and prejudice, but instead argues the merits of his *ex post facto* claim. Accordingly, the court finds that the petitioner is both unable and unwilling to establish cause and prejudice for failing to raise the current claim in his third federal petition.

■ Although the petitioner has not established cause and prejudice, this court may consider the merits of his claim if he can show that a fundamental miscarriage of justice would result from a failure to entertain the claim. *Schlup,* —— U.S. at ——, 115 S.Ct. at 861; *McCleskey,* 499 U.S. at 494, 111 S.Ct. at 1470. The fundamental miscarriage of justice exception is applied in extraordinary cases when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup,* —— U.S. at ——, 115 S.Ct. at 867; *see McCleskey,* 499 U.S. at 494, 111 S.Ct. at 1470.

The petitioner has not presented any evidence to support a finding of a fundamental miscarriage of justice. Therefore, the current petition constitutes an abuse of the writ and should be dismissed, with prejudice, without reaching the merits.

**B.** *Motion for Restricted Access to the Court.*

The respondents seek an order restricting the petitioner's ability to file future actions in this court.

■ Pursuant to 28 U.S.C. section 1651(a) (the All Writs Act), a district court has the authority to issue a pre-filing order restricting a litigant's ability to file an action in the court. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir.), *cert. denied*, 498 U.S. 1001, 111 S.Ct. 562, 112 L.Ed.2d 569 (1990); *Moy v. United States*, 906 F.2d 467, 469 (9th Cir.1990). A pre-filing order may be issued to restrict the filing of federal habeas corpus petitions. *See O'Loughlin v. Doe*, 920 F.2d 614, 618 (9th Cir.1990) (remanding case to permit district court to redraft order barring filing of future habeas petitions); *De Long*, 912 F.2d at 1149 (same).

In the Central District of California, Local Rule 27A specifically addresses the procedures to be followed in issuing a prefiling order against a vexatious litigant. Local Rule 27A provides that "[i]t is the policy of the Court to discourage vexatious litigation and to provide persons who are subjected to vexatious litigation with security against the costs of defending against such litigation and appropriate orders to control such litigation." L.R. 27A.1.

Before issuing a pre-filing order, the court must provide notice and an opportunity to be heard. L.R. 27A.2. Upon finding "that the litigant to whom the order is issued has abused the Court's process and is likely to continue such abuse," the court may

order a party to give security in such amount as the Court determines to be appropriate to secure the payment of any costs, sanctions or other amounts which may be awarded against a vexatious litigant, and may make such other orders as are appropriate to control the conduct of a vexatious litigant. Such orders may include, without limitation, a directive to the Clerk not to accept further filings from the litigant without payment of normal filing fees and/or without written authorization from a judge of the Court or a Magistrate Judge, issued upon such showing of the evidence supporting the claim as the judge may require.

L.R. 27A.2 & 27A.3.

■ In addition to citing Local Rule 27A, the respondents contend that the court has the authority to impose restrictive filing sanctions under Rule 11 of the Federal Rules of Civil Procedure ("FRCP Rule 11"). Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure may be applied to habeas petitions filed under section 2254. The Fifth Circuit has specifically held that FRCP Rule 11 sanctions may be imposed on habeas petitioners. *Anderson v. Butler*, 886 F.2d 111, 114 (5th Cir.1989). Furthermore, FRCP Rule 11 authorizes sanctions of a non-monetary nature. Fed.R.Civ.P. 11(c)(2). The Fifth Circuit has imposed pre-filing restrictive orders pursuant to FRCP Rule 11. *See Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359–60 (5th Cir.1986).

It appears that FRCP Rule 11 provides authority for imposing a pre-filing order against the petitioner in this case. Nonetheless, as noted above, the Ninth Circuit has authorized pre-filing orders pursuant to 28 U.S.C. section 1651(a). *See De Long*, 912 F.2d at 1147; *Moy*, 906 F.2d at 469. Furthermore, Local Rule 27A specifically authorizes pre-filing orders in this district. Therefore, the court will consider the propriety of a pre-filing order against the petitioner under the authority of 28 U.S.C. section 1651(a) and Local Rule 27A.

■ "An order limiting a prisoner's access to the courts must be designed to preserve his right to adequate, effective and meaningful access to the courts while preserving the court from abuse." *O'Loughlin*, 920 F.2d at 617 (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1231–32 (9th Cir.1984)). In issuing such an order, this court must adhere to the following guidelines: 1) the petitioner must be given adequate notice and an opportunity to oppose the order; 2) the court must present an adequate record for review by listing the case filings and motions that support the order; 3) the court must make substantive findings as to the frivolousness or harassing nature of the petitioner's filings; and 4) the order must be narrowly tailored to remedy only the petitioner's particular abuses. *O'Loughlin*, 920 F.2d at 617; *De Long*, 912 F.2d at 1147–48.

**1382**

### 1. *Notice.*

As noted above, the respondents filed a motion for an order restricting the petitioner's ability to file future actions on March 31, 1995. Pursuant to this court's order, the respondents filed supplemental points and authorities on April 19, 1995. The petitioner has not filed any opposition to the respondents' motion. The petitioner received adequate notice and an opportunity to be heard.

### 2. *Case Filings.*

The record must show that the cases and motions filed by the petitioner were numerous or abusive. *De Long,* 912 F.2d at 1147.

As discussed above, the petitioner has filed a total of nine federal habeas petitions over the course of five and one half years. In addition, he has filed five petitions before the California Supreme Court. Therefore, his petitions are numerous.

Furthermore, the petitioner has repeatedly asserted the same or similar legal arguments. On two occasions, he filed two separate petitions on the same day (petitions one and two and petitions three and four). On three occasions, he filed a new petition while a former petition was still pending (petitions six, seven and eight). He also failed to comply with three prior decisions of the court, issued in petitions six, seven and eight, explaining that he must show cause and prejudice in any new habeas petition. These actions demonstrate a pattern of abusive filings.

### 3. *Frivolousness or Harassing Nature of the Filings.*

To be frivolous, the petitioner's filings must be "patently without merit." *Moy,* 906 F.2d at 470; *see De Long,* 912 F.2d at 1148.

The petitioner received a ruling on the merits of his third habeas petition, case no. CV 90–3384–RSWL(S). After the judgment in the third case was entered, the petitioner filed petition five, which asserted claims of ineffective assistance of counsel and prosecutorial vindictiveness. While petition five was pending, he filed petition six, which asserted the same claims as those asserted in petition five. Because petition six was filed while petition five was pending, and asserted the same claims, petition six was frivolous.

While petition six was pending, the petitioner filed petition seven, alleging similar claims of ineffective assistance of counsel and prosecutorial vindictiveness. By the time petition seven was filed, the court had dismissed petition five for failure to exhaust state remedies. Petition seven was frivolous because: it was filed while petition six was pending; it asserted claims similar to those raised in petitions five and six; and it was filed without any attempt to exhaust state remedies as recommended by the order dismissing petition five.

While petition seven was pending, the petitioner filed petition eight, again alleging ineffective assistance of counsel and prosecutorial vindictiveness. By the time petition eight was filed, the court had dismissed petition six as an abuse of writ and advised the petitioner that he could file a new petition if he showed cause and prejudice or a fundamental miscarriage of justice excusing his abuse of the writ. Petition eight was frivolous because: it was filed while petition seven was pending; it asserted claims similar to those raised in petitions five, six, and seven; it was filed without any attempt to exhaust state remedies as recommended by the order dismissing petition five; and it was filed without any attempt to demonstrate cause and prejudice or a fundamental miscarriage of justice, as recommended by the order dismissing petition six.

Petitions seven and eight, like petition six, were dismissed as an abuse of the writ. In each of these cases, the court explained that it could not consider the merits of the claims raised unless the petitioner demonstrated cause and prejudice or a fundamental miscarriage of justice. Petition nine, the current petition, was filed after the court issued its orders dismissing petitions six, seven and eight. Nonetheless, as discussed above, the petitioner made no attempt to demonstrate cause and prejudice or a fundamental miscarriage of justice to justify this court's consid-

eration of the merits of petition nine. Thus, petition nine is frivolous because it fails to comply with the abuse of the writ requirements described in petitions six, seven and eight.

█ As an alternative to finding that the filings were frivolous, the court may determine that the filings show a pattern of harassment. *De Long,* 912 F.2d at 1148. A pattern of harassment is shown when the filing of similar types of actions constitutes an intent to harass the defendant or the court. *Id.* at 1148 n. 3.

█ As noted above, the petitioner has repeatedly asserted the same or similar legal arguments. In particular, the current petition asserts a claim previously raised in petitions one, two and four, but never considered on the merits. Thus, the number and content of the petitions indicates an intent to harass. Furthermore, on more than one occasion, the petitioner filed two separate petitions on the same day and filed new petitions while former petitions were pending. He also failed to comply with three prior decisions advising him that he must show cause and prejudice for his previous abuses. These facts demonstrate that the petitioner intends to continue the harassment.

█ In summary, the court finds that petitions six, seven, eight and nine were frivolous. Furthermore, the petitioner's actions demonstrate an intent to harass the court. To preclude future harassment, a pre-filing order preventing the petitioner from filing similar actions is merited.

**4.** *Narrowly Tailored Remedy.*

█ A pre-filing restrictive order "must be narrowly tailored to closely fit the specific vice encountered." *De Long,* 912 F.2d at 1148. Unless justified, a general order barring a petitioner from filing any action is inappropriate. *See O'Loughlin,* 920 F.2d at 618; *De Long,* 912 F.2d at 1148; *Moy,* 906 F.2d at 470–71. Rather, the order should be tailored to restrict the types of actions the petitioner may file, or to prevent filings against certain parties. *See O'Loughlin,* 920 F.2d at 618 (inferring that because petitioner's filings consisted of civil rights complaints and habeas corpus petitions, the pre-filing order should not encompass more than future attempts to file civil rights complaints and habeas corpus petitions); *Moy,* 906 F.2d at 471 (modifying pre-filing order to prevent future filings against certain defendants).

The petitioner's vexatious litigation is comprised of section 2254 habeas corpus petitions challenging his state court conviction for first degree murder and financial gain special circumstances (California Superior Court for the County of Ventura, case no. CR 21718). Therefore, it is recommended that the pre-filing order restrict the petitioner from filing future section 2254 petitions challenging this conviction, unless he can demonstrate cause and prejudice or a fundamental miscarriage of justice.

To accomplish this goal, it is further recommended that the court issue an order that the Clerk of the Court not accept any further actions from the petitioner for filing unless the filing is authorized in writing by a judge or magistrate judge of this court, and the action is accompanied by a declaration by the petitioner describing facts sufficient to meet the requirements of cause and prejudice or a fundamental miscarriage of justice.

### RECOMMENDATION

IT IS RESPECTFULLY RECOMMENDED that the Court issue an Order:

(1) approving and adopting this Report and Recommendation;

(2) directing that Judgment be entered denying and dismissing the petition for writ of habeas corpus with prejudice as an abuse of the writ;

(3) granting the respondent's motion to restrict the petitioner's access to the court; and

(4) directing that:

(a) The Clerk of the Court shall not accept for filing any petition for writ of habeas corpus under 28 U.S.C. section 2254 naming Ronald Allen Galeska as a petitioner and asserting claims arising out of his state court conviction for first degree murder and financial gain special circumstances (California Superior Court for the County of Ventura,

case no. CR 21718) unless and until the petitioner first files with the Clerk an application for leave, bearing the caption "Application Seeking Leave to File." The application for leave shall include a copy of this Order to the Clerk of the Court. Any such habeas petition shall not be filed:

(i) without prior written authorization from a United States District Judge or a United States Magistrate Judge upon such showing of evidence supporting the claim as the judge may require; and

(ii) without a signed declaration under penalty of perjury by Ronald Allen Galeska describing facts meeting the requirements of cause and prejudice or a fundamental miscarriage of justice.

Dated: May 16, 1995