**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY APPELLATE PANEL

OF THE NINTH CIRCUIT

| | | |
|---|---|---|
| In re: | ) | BAP No. CC-13-1572-TaSpD |
| | ) | |
| YAN SUI, | ) | Bk. No. 11-20448-CB |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| YAN SUI; PEI-YU YANG, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | MEMORANDUM[*] |
| | ) | |
| RICHARD A. MARSHACK, Chapter 7 | ) | |
| Trustee, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Argued and Submitted on September 18, 2014
at Pasadena, California

Filed – November 10, 2014

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Catherine E. Bauer, Bankruptcy Judge, Presiding

_____

Appearances:    Yan Sui, appellant, argued pro se; Chad V. Haes of
Marshack Hays LLP argued for appellee Richard A.
Marshack, Chapter 7 Trustee.

_____

Before: TAYLOR, SPRAKER[**] and DUNN, Bankruptcy Judges.

_____

[*]    This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[**]    The Honorable Gary A. Spraker, Chief Bankruptcy Judge for the District of Alaska, sitting by designation.

**INTRODUCTION**

Chapter 7[1] debtor Yan Sui and non-debtor Pei-yu Yang,[2] both pro se, appeal jointly from an order that bars each of them from filing "initiating documents" in the bankruptcy case without advance review by the bankruptcy court and a determination that such documents are meritorious. The order also requires Mr. Sui and Ms. Yang to obtain leave from the bankruptcy court before filing suit in any forum against the chapter 7 trustee, appellee Richard A. Marshack, or his professionals. We determine that entry of an order regulating certain aspects of the Appellants' filings in the bankruptcy court is appropriate. We VACATE and REMAND, however, for the bankruptcy court to modify the order consistent with recent Ninth Circuit authority.

**FACTS**[3]

On July 27, 2011, Mr. Sui filed a bare-bones chapter 7 petition that listed a total of three creditors. When Mr. Sui filed his schedules and statement of financial affairs, he disclosed ownership of $12,549.83 in personal property, no real property or secured debt, unsecured debt totaling $23,418.30, and

---

[1]   Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2]   The record is unclear as to whether Ms. Yang is Mr. Sui's current or former spouse.

[3]   We exercise our discretion to take judicial notice of documents electronically filed in the underlying bankruptcy case and related adversary proceedings. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1989); Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 392 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

one pending federal court lawsuit initiated by Mr. Sui.

As the case progressed, Mr. Sui paid certain creditors directly and without leave of the bankruptcy court. In Mr. Sui's mind, these payments resolved all bankruptcy issues and required termination of the case. To say that he is fixated on this point is, perhaps, an understatement. The impetus for Mr. Sui's payments and the cause for his insistence on dismissal was likely the fact that the Trustee identified a prepetition transfer from Mr. Sui to Ms. Yang and initiated an adversary proceeding to set it aside.

**Trustee's motion for pre-filing order.**

A little over two years later, Trustee filed his Motion for: (1) Pre-Filing Order; and (2) Order Requiring Leave to Sue Trustee Richard A. Marshack and his Professionals ("Motion"),[4] seeking relief against Appellants. Without differentiating between Mr. Sui and Ms. Yang, Trustee alleged that Appellants "filed over 30 meritless pleadings, actions and appeals, nearly all of which have been decided against them." Motion, Dkt. 17 at 8:4-5. He argued that such filings constituted an abuse of the judicial process and evidenced the Appellants' intent to harass, thus warranting a pre-filing order. In addition, Trustee alleged that the Appellants repeatedly threatened to sue Trustee and his professionals, thus warranting an order requiring Appellants to seek leave from the bankruptcy court before filing such a suit in

---

[4] The Trustee filed an earlier motion, barely two months into the case, seeking an order requiring that Mr. Sui seek leave from the bankruptcy court before filing suit against Trustee and his professionals. The bankruptcy court denied the first motion without prejudice.

any forum, including the bankruptcy court.

In support of the Motion, the Trustee first requested that the bankruptcy court take judicial notice of 13 cases/appeals that Trustee alleged were initiated by the Appellants against the Appellants' homeowners association and other defendants in the seven years prepetition.[5] Trustee generally alleged that all were adjudicated adversely to the Appellants, although Trustee also alleged that postpetition he settled two of the actions on behalf of the estate. Trustee did not specifically articulate if or how any of the 13 identified matters were frivolous, harassing, or without merit.

Next, Trustee asked the bankruptcy court to take judicial notice of papers filed in the bankruptcy court by Mr. Sui and/or Ms. Yang – nearly all of which the Trustee alleged were decided against the Appellants. The few matters allegedly not decided against them were appeals still pending. Trustee did not articulate if or how any of the filings were frivolous, harassing, or without merit.

As to Mr. Sui, the filings included Mr. Sui's initial chapter 7 petition, which he subsequently converted to chapter 13 in January 2012, and Mr. Sui's two motions to dismiss his case after he converted to chapter 13.[6] Mr. Sui also opposed the

---

[5] The Trustee also alleged that the Superior Court of California, County of Orange, found Mr. Sui a vexatious litigant in 2011, and he argued that the bankruptcy court should adopt the state court's findings. Indeed, the Trustee argued that the state court's finding was binding on the bankruptcy court, pursuant to 28 U.S.C. § 1728.

[6] The bankruptcy court denied dismissal and re-converted the case to chapter 7. It also denied Mr. Sui's reconsideration
(continued...)

Trustee's motion for approval of settlement of four state court lawsuits to which Mr. Sui was a party.[7] And finally, Trustee listed Mr. Sui's filed opposition to dismissal of a state court lawsuit that he initiated against the Trustee postpetition, after removal by the Trustee.[8]

As to Ms. Yang, Trustee identified Ms. Yang's two motions to dismiss the adversary proceeding Trustee filed against her to avoid and recover as an alleged fraudulent conveyance the transfer by Mr. Sui of his interest in a residential property.[9] In addition, Trustee filed a second adversary proceeding against Ms. Yang seeking to sell the real property that she co-owned with the estate, the Trustee having prevailed in his fraudulent conveyance action. Ms. Yang responded with a motion to dismiss the complaint (and a subsequent amended motion to dismiss), and

---

[6](...continued)
motion. Mr. Sui appealed to the BAP. The BAP affirmed re-conversion but dismissed as interlocutory a related appeal from an order awarding administrative fees to Trustee and his counsel in the chapter 13 case upon reconversion. Mr. Sui then appealed to the Ninth Circuit. As of the date of the Motion, the appeal remained pending.

[7] The bankruptcy court overruled the opposition and Mr. Sui appealed to the BAP. The BAP dismissed the appeal based on mootness, and Mr. Sui appealed to the Ninth Circuit. As of the date of the Motion, the appeal remained pending.

[8] The bankruptcy court overruled Mr. Sui's opposition. Mr. Sui appealed to the district court, which affirmed. Mr. Sui appealed to the Ninth Circuit. As of the date of the Motion, the appeal remained pending.

[9] The bankruptcy court denied the first motion. Ms. Yang appealed to the district court, which affirmed. Ms. Yang filed a second motion to dismiss, which as of the date of the Motion, was set for hearing. In addition, Ms. Yang appealed to the Ninth Circuit from a district court order adopting the bankruptcy court's report and recommendation granting summary judgment in favor of Trustee. As of the date of the Motion, the appeal remained pending.

Mr. Sui filed a motion to intervene.[10]

The Trustee also asked the bankruptcy court to take judicial notice of six state court actions or appeals filed by the Appellants postpetition, which Trustee alleged were all without merit. Of the six matters: the Trustee settled two; the Ninth Circuit dismissed one appeal for lack of jurisdiction; and three appeals filed with the Ninth Circuit remained pending as of the date of the Motion. Again, Trustee did not articulate if or how any of the matters was frivolous, harassing, or without merit.

Trustee brought his request for a general pre-filing order under § 105(a), 28 U.S.C. § 1651(a), and Ninth Circuit case law authority, alleging that it was warranted by Appellants' repetition of non-meritorious legal arguments and persistence in pursuing claims regardless of their lack of merit. Trustee also sought a provision in the pre-filing order requiring leave to file suit against the Trustee and his professionals under § 105(a) and based on quasi-immunity under the Barton doctrine. Trustee argued for a preemptive order to discourage frivolous litigation by Appellants and to save the estate unnecessary expense that would be incurred to respond.

**Opposition to the Motion.**

Mr. Sui filed written opposition to the Motion.[11] The record

_____

[10] As of the date of the Motion, both Ms. Yang's amended motion to dismiss and Mr. Sui's motion to intervene had not yet been heard by the bankruptcy court.

[11] We are cognizant of our obligation to "make reasonable allowances for pro se litigants and . . . [to] construe pro se papers and pleadings liberally." In re Kashani, 190 B.R. 875, 883 (9th Cir. BAP 1995). Mr. Sui misdirected much of his opposition to argument that the Trustee's settlement of

(continued...)

- 6 -

does not include a written opposition filed by Ms. Yang.[12] Mr. Sui first argued that the bankruptcy court lacked jurisdiction to rule on the Motion. He generally argued that the Motion was meritless, factually and legally unfounded, and a waste of time. He more specifically argued that Trustee failed to show that the state courts required him to seek pre-filing approval of litigation, or that his suits against civil defendants were frivolous, and that the bankruptcy court could not consider Mr. Sui's state court actions against the civil defendants.

As to Trustee's request to require pre-filing leave of court to sue Trustee or his professionals, Mr. Sui argued that the Barton doctrine did not apply to Trustee's actions because Trustee acted outside the scope of his duties and violated constitutionally protected property rights. In his declaration in support of opposition, Mr. Sui disclosed that he and Ms. Yang filed an action against Trustee and his professionals in the district court that very same day.

**The bankruptcy court's findings, conclusions, and order.**

Neither Mr. Sui nor Ms. Yang appeared at the hearing on the Motion on November 12, 2013. After hearing from counsel for the

[11](...continued)
litigation originally initiated by Mr. Sui was improper. We were able to discern specific arguments made by Mr. Sui, however, that addressed the relief requested in the Trustee's Motion, and we summarize them accordingly.

[12] We note, however, that upon issuance of the Pre-Filing Order, the bankruptcy court stated in its conclusions of law that Ms. Yang opposed the Motion. This conclusion is important to our determination that Ms. Yang did not waive her right to appeal, as discussed below.

Trustee, the bankruptcy court granted the Motion and stated its grounds for doing so on the record. The bankruptcy court did not articulate the legal grounds upon which it based its ruling, but likened the applicable analysis to that required when restricting petition filings by a serial filer.

The bankruptcy court stated that: "given the egregious nature of the filings over and over, the same arguments, they've lost on appeal at every level, we've got to stop it . . . there's not going to be any money left for anyone . . . it's an abuse of the system." Hr'g Tr. (Nov. 12, 2013) at 14:18-23. The bankruptcy court also found "both Yang and Sui are vexatious in the scheme of this bankruptcy case; that they have participated together to file all these different pleadings . . . and they're obviously acting in concert." Id. at 16:10-15. "So I will find that both of them have been involved in the tremendous amount of work that has been required by the Court and by the trustee in this matter." Id. at 16:16-18.

Trustee lodged a proposed form of order and findings of fact and conclusions of law, and filed notice of lodgment on November 14, 2013. Appellants filed a notice of appeal to the BAP on November 27, 2013 and a motion for leave to appeal. The bankruptcy court entered the order granting the Motion on December 19, 2013 (the "Pre-Filing Order"), along with the separate Findings of Fact and Conclusions of Law ("FF&CL") prepared by Trustee's counsel.[13]

_____

[13] Appellants' notice of appeal filed after announcement of the bankruptcy court's decision, but before entry of the order, is treated as filed after such entry and on the day thereof. See (continued...)

- 8 -

In the FF&CL, the bankruptcy court specifically concluded that both Mr. Sui and Ms. Yang were vexatious litigants who, since late 2009 either individually or jointly filed at least "37 meritless actions, appeals, motions, and other papers," all of which were "frivolous," "harassing," and "abusive," and most of which were "repetitive." FF&CL, Dkt. 17 at 10. The bankruptcy court also found that both Appellants opposed the Motion, but that the written opposition contained: "only irrelevant factual assertions," "irrelevant legal arguments," "unintelligible legal arguments," and "conclusory statements of law." Id. at 11. The bankruptcy court determined that "[e]ach of the four elements required for entry of a pre-filing order against the [Appellants] have been met by the Trustee pursuant to the Motion"; and that the proposed order was sufficiently narrow to address the Appellants' abuses but to allow them to be heard. Id. Because Appellants failed to appear at the hearing on the Motion the bankruptcy court deemed them to consent to the relief sought in the Motion. Id. at 12.

The bankruptcy court also specifically found that "[t]he clear and present danger of needless litigation by the [Appellants] warrants a preemptory order requiring that the [Appellants] obtain leave of the Court before filing suit against the Trustee and his professionals." Id. at 11.

The Pre-Filing Order provides, in part, as follows:

> 2. The Clerk of the Bankruptcy Court for the Central District of California will accept no further initiating documents for filing from Yan Sui ("Sui") or

[13](...continued)
Rule 8002(a).

- 9 -

Pei-Yu Yang ("Yang") in this case, including but not limited to complaints, motions and objections to claims. Any pleadings received from Sui and Yang shall be stamped received after which time they will be forwarded to the Court for review. If in fact the pleadings are deemed meritorious, they will be returned to the Clerk for filing, after which time either Sui or Yang shall cause the same to be served upon attorneys for the Trustee, Richard A. Marshack, all creditors, and the United States Trustee. If after review, the pleadings are not found to be meritorious, the same shall be returned to Sui or Yang, shall not be filed of record, and the receipt copy shall be removed from the court file.

3. It is further ordered that this Order shall not apply to any pleadings presented by Sui or Yang designated as an "appeal" of any of this Court's Orders whether such appeal be directed to the United States District court, the Bankruptcy Appellate Panel, or the Ninth Circuit Court of Appeals.

4. It is further ordered that Sui and Yang are required to obtain leave of this Court before filing suit in this Court or in any other forum against the Trustee and or professionals hired by the Trustee for acts regarding administration of the bankruptcy case.

5. It is further ordered that if Sui or Yang disobey this Order and the instructions contained in this Order, he or she will be subject to immediate sanctions and will be ordered to appear to show cause why he or she should not be held in contempt of this Court's Orders.

Id. at 2.

**JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (O). On appeal, Appellants include an argument titled "Bankruptcy Court Lacks Jurisdiction to Make the Order." Appellants argue, as they repeatedly argued before the bankruptcy court, that because Mr. Sui allegedly paid his creditors within the initial months of the chapter 7 case, no adjustment of the debtor-creditor relationship remained for the bankruptcy court to restructure. Mr. Sui believes that his

- 10 -

payment of creditors mooted the chapter 7 case, the estate ceased to exist, Trustee's actions became "irrelevant" to the case, and the bankruptcy court lost all jurisdiction to act. We disagree. Even assuming, for the sake of argument only, that Mr. Sui paid all his prepetition debts, until such time as the bankruptcy case is dismissed or closed, the estate continues to exist, and the bankruptcy court's jurisdiction continues. See §§ 349, 350, and 541.

We have jurisdiction under 28 U.S.C. § 158.[14]

**ISSUE**

Whether the bankruptcy court abused its discretion when it granted the Motion and entered the Pre-Filing Order.[15]

**STANDARD OF REVIEW**

We review for an abuse of discretion a bankruptcy court's decision to issue pre-filing orders. See Ringgold-Lockhart v. Cnty. of Los Angeles, 761 F.3d 1057, 1062 (9th Cir. 2014) (district court's compliance with procedural and substantive standards for issuance of pre-filing restrictions against

---

[14] On February 19, 2014, the Panel entered an order denying Appellants' Motion for Leave to Appeal, which was opposed by Trustee. The Panel based denial on its conclusion that the order on appeal is final, thus leave to appeal was unnecessary. Notwithstanding, the Panel also granted leave to appeal, to the extent necessary.

[15] As discussed below, on appeal Appellants raise a number of arguments, including unsupported factual allegations, not raised before the bankruptcy court. We recognize that Appellants represent themselves pro se; nonetheless we decline to address arguments and off-record factual allegations not presented to the bankruptcy court. See Samson v. Western Capital Partners, LLC (In re Blixseth), 684 F.3d 865, 872 n.12 (9th Cir. 2012) (appellate court may decline to address argument not raised before bankruptcy court) (citation omitted). Our consideration of this appeal is also limited, as discussed later herein, based on Appellants' deemed waiver and consent.

vexatious litigants reviewed for abuse of discretion); see Moy v. United States, 906 F.2d 467, 469 (9th Cir. 1990) (district court's order restricting filing of meritless claims reviewed for abuse of discretion); and see Richardson v. Melcher (In re Melcher), 2014 Bankr. LEXIS 1586 at *28 (9th Cir. BAP Apr. 11, 2014)(bankruptcy court's sanctions order in the form of a bar to filings reviewed for abuse of discretion).  A bankruptcy court abuses its discretion if it applied the wrong legal standard or its findings are illogical, implausible, or without support in the record.  TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

## DISCUSSION

Before we discuss the Pre-Filing Order, we must address two preliminary issues.

**A.    Trustee's motion to strike documents.**

Trustee objects to Appellants' excerpts numbered 6-a, 6-b, 6-c, 6-d, 6-e, 7 through 9, and 10-a and 10-b as unrelated to the appeal and not presented to, or considered by, the bankruptcy court when it ruled on the Motion.  The proper record in this appeal consists of papers and exhibits filed and considered by the bankruptcy court in connection with its ruling on the Motion, along with the Pre-Filing Order and the FF&CL.  See Barcamerica Int'l USA Trust v. Tyfield Imps., Inc., 289 F.3d 589, 593-94 (9th Cir. 2002); Kirshner v. Uniden Corp. of Am., 842 F.2d 1074, 1077 (9th Cir. 1988).

Trustee himself included excerpt number 8 in a judicial notice request in support of the Motion and in his supplemental excerpts of record on appeal.  We determine, however, that other

- 12 -

than excerpt number 8 none of the documents to which Trustee objects are included among the documents of which the bankruptcy court took judicial notice or which it considered in connection with its ruling on the Motion and issuance of the Pre-Filing Order. Therefore, we deny the motion to strike as to excerpt number 8 and grant it as to the other documents.

**B.    Ms. Yang's failure to file written opposition and Appellants' failure to appear at the hearing on the Motion do not constitute their waiver of all arguments on appeal.**

Trustee argues on appeal that we should disregard all arguments in Appellants' opening brief because Appellants failed to appear at the hearing held by the bankruptcy court on the Motion.[16] Further, Trustee argues that Ms. Yang should not be allowed to participate in this appeal at all because she filed no written opposition to the Motion. As to Mr. Sui, Trustee contends that he did not properly raise any intelligible arguments, and, therefore, none of his arguments on appeal should be heard.[17] In effect, Trustee argues that Appellants waived their right to appeal. We disagree in part.

As to Ms. Yang, the bankruptcy court found that she opposed the Motion. We were not able to locate a written opposition

---

[16]   The bankruptcy court itself, pursuant to local bankruptcy rule, held the Appellants' nonappearance to be deemed consent to the relief requested in the Motion. In the FF&CL, the bankruptcy court also found that Yang did not file opposition to the Motion, but then inconsistently held that both Appellants opposed the Motion.

[17]   Trustee argues that Mr. Sui's opposition "contained only irrelevant factual assertions and legal arguments, unintelligible legal arguments, and conclusory statements of law. . . ." Appellee's Brief at 4. The FF&CL contained the same assessment of Mr. Sui's written opposition. We reached a different conclusion, as summarized above.

- 13 -

filed by or on behalf of Ms. Yang but defer to the bankruptcy court and its superior knowledge of the case; in its view, opposition existed. This determination also is consistent with its conclusion that Mr. Sui and Ms. Yang acted in concert throughout the case. Mr. Sui filed written opposition; the Trustee cannot credibly assert that Appellants jointly filed all documents except the opposition.

The problem, however, is that neither Mr. Sui nor Ms. Yang appeared at the final hearing. Pursuant to Rule 9013-1(j) of the Local Rules of the United States Bankruptcy Court for the Central District of California, a pro se party's failure to appear at a properly noticed hearing, unless excused by the court in advance, may be deemed consent to an adverse ruling on the matter being heard. The bankruptcy court was entitled to exercise its discretion to find waiver and consent; and it did so.

This determination, however, does not end the inquiry. The right of access to the courts is one of constitutional origin, and the Trustee bore a heavy burden. Similarly, the bankruptcy court's discretion to bar access has limits even in the absence of opposition. And finally, the Ninth Circuit issued its opinion in Ringgold-Lockhart subsequent to the entry of the Pre-Filing Order, which requires us to review the Pre-Filing Order using metrics not available to the bankruptcy court at the hearing.

We, thus, conclude that Appellants waived their right to argue that a pre-filing order is not appropriate, and we consider only whether the content of the order is appropriate.

**C. Ninth Circuit standard for issuance of a pre-filing order.**

Given the constitutional underpinnings of the general right

- 14 -

to court access, "'pre-filing orders should rarely be filed,' and only if courts comply with certain procedural and substantive requirements." Ringgold-Lockhart v. Cnty. of Los Angeles, 761 F.3d at 1062 (quoting De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990)). "Courts should not enter pre-filing orders with undue haste because such sanctions can tread on a litigant's due process right of access to the courts." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007) (internal citation omitted). Nonetheless, "[f]ederal courts can 'regulate the activities of abusive litigants by imposing carefully tailored restrictions under . . . appropriate circumstances.'" Ringgold-Lockhart, 761 F.3d at 1061 (citation omitted). "Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), 'enjoining litigants with abusive and lengthy [litigation] histories is one such . . . restriction' that courts may impose." Id. (citation omitted); and see In re Melcher, 2014 WL 141235 at *9 (the All Writs Act applies to bankruptcy courts as Article I courts, by its terms).

Before issuing a pre-filing injunction "it is incumbent on the court to make 'substantive findings as to the frivolous or harassing nature of the litigant's actions.'" Id. at 1064. This requires review of both the number and content of the litigant's claims – to determine whether frivolous – or the alternate finding that the filings "'show a pattern of harassment.'" Id. "Litigiousness alone is not enough," the claims also must be meritless. Id. (quoting Molski, 500 F.3d at 1059 (citation omitted)). Moreover, use of pre-filing orders against pro se litigants should be approached with particular caution. See

<u>Pavilonis v. King</u>, 626 F.2d 1075, 1079 (1st Cir. 1980) (cited with approval in <u>De Long</u>, 912 F.2d at 1147).

In <u>Ringgold-Lockhart</u>, the Ninth Circuit reviewed a district court's order declaring Ringgold and her son Ringgold-Lockhart vexatious litigants and imposing a pre-filing order. 761 F.3d at 1061. The District Court based its order primarily on law and motion practice in two cases. <u>Id.</u>

The Circuit initially noted that "two cases is far fewer than what other courts have found 'inordinate.'" <u>Id.</u> at 1064-65 (citing <u>e.g.</u>, <u>Molski</u>, 500 F.3d at 1060; <u>Wood v. Santa Barbara Chamber of Commerce, Inc.</u>, 705 F.2d 1515, 1523, 1526 (9th Cir. 1983); <u>In re Oliver</u>, 682 F.2d 443, 444 (3d Cir. 1982); <u>In re Green</u>, 669 F.2d 779, 781, 215 U.S. App. D.C. 393 (D.C. Cir. 1981) (per curiam)). Although it criticized the district court's assessment of certain filings as baseless or frivolous, the Circuit found "[m]ost troubling" that the list of vexatious filings included the Ringgolds' response to the district court's tentative order finding them vexatious, a response for which Ringgold had a due process right to be heard.[18] <u>Id.</u> at 1065.

Of particular importance here, the Circuit found error in the district court's failure to consider alternative sanctions as to Ringgold, such as costs or fees pursuant to Civil Rule 11. <u>Id.</u> In addition, the court held that the district court failed

---

[18] The Ninth Circuit declined to decide whether "a litigant's motions practice in two cases could ever be so vexatious as to justify imposing a pre-filing order against a person." 761 F.3d at 1065. The Court opined, however, that "[s]uch a situation would at least be extremely unusual, in light of the alternative remedies available to district judges to control a litigant's behavior in individual cases." <u>Id.</u>

- 16 -

to tailor the order narrowly to the problem before it.  Id. at 1066.  The court found the screening order "unworkable" because it provided for review of pleadings for merit -- reasoning that "courts cannot properly say whether a suit is 'meritorious' from pleadings alone."  Id.  And it found the breadth of the restrictions unjustified – risking extension to "factual scenarios entirely unrelated to the dispute" at issue.  Id. at 1067.

In Ringgold-Lockhart, the Ninth Circuit set out a very clear roadmap that emphasizes the careful review a court must conduct before restricting such important constitutional rights to court access, especially in cases involving pro se litigants.  Prior to issuance of a pre-filing order, the bankruptcy court was required to: "(1) give litigants notice and 'an opportunity to oppose the order before it [is] entered'; (2) compile an adequate record for appellate review, including 'a listing of all the cases and motions that led the [bankruptcy] court to conclude that a vexatious litigant order was needed'; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as 'to closely fit the specific vice encountered.'"  Id. at 1062 (citing De Long, 912 F.2d at 1147-48).

Because Appellants here are deemed to have consented to issuance of some form of pre-filing order,[19] we necessarily focus

[19]  We note in passing that Appellants do not question notice and the opportunity for hearing or the adequacy of the record made available to the bankruptcy court.  On appeal, however, Mr. Sui argues that Trustee failed to support his Motion with anything more than conclusory statements that the bankruptcy court accepted without question.  As Mr. Sui is deemed to have waived this argument by failing to appear at the hearing on the
(continued...)

our review on whether the relief provided in the Pre-Filing Order comports with the standards articulated in Ringgold-Lockhart.[20]

**D.    Contrary to Ringgold-Lockhart, the Pre-Filing Order improperly requires a merits review by the bankruptcy court.**

On its face, the Pre-Filing Order fails to comport with Ringgold-Lockhart because it provides that Appellants cannot file initiating documents unless the bankruptcy court reviews them and finds them to be meritorious.  As the Ninth Circuit determined, such relief is "in fact unworkable."  761 F.3d at 1066.  The bankruptcy court cannot properly determine merit in all cases from an initiating document.  See id.  Our adversarial system requires both input from the opposing party and an opportunity for the plaintiff or movant to respond to any argument that the request for relief lacks merit.  Because the Pre-Filing Order requires merits review, it is not narrowly tailored and modification is appropriate.  See id.

**E.    The bankruptcy court's failure to make sufficient substantive findings as to the specific frivolous or harassing nature of Appellants' actions hampers our review of the problem before it, and thus, of the appropriate tailoring of the Pre-Filing Order.**

Here, the bankruptcy court found the Appellants to be vexatious primarily on the basis of their motion practice and related appeals in the bankruptcy case, but it also "[took] note

[19](...continued)
Motion, we consider this argument solely in the context of the adequacy of the findings regarding the "specific vice encountered," and, thus, whether the Pre-Filing Order was narrowly tailored to fit.

[20]    The Trustee requested judicial notice of 54 documents, which the bankruptcy court granted.  We base our review of the merits of the content of the bankruptcy court's order on these documents to the extent possible.  See id. at 1064.

- 18 -

of the tremendous amount of litigation not only in federal court but also in state court." Hr'g Tr. (Nov. 12, 2013) at 18:21-23. At the hearing, the bankruptcy court stated that it was "used to doing this in bankruptcy petition filings" and "given the egregious nature of the filings over and over, the same arguments, they've lost on appeal at every level, we've got to stop it . . . [or] there's not going to be any money left for anyone." Id. at 14:12-23. Neither in its oral ruling, nor in the FF&CL, however, did the bankruptcy court identify or discuss what filings were made "over and over," or what the "same arguments" consisted of.

The FF&CL[21] contains blanket findings that Appellants' filings, defined to include all of the papers identified in the Motion, were "frivolous," "harassing," and "abusive," and most were "repetitive." FF&CL, Dkt. #17 at 10. Yet, neither the Trustee nor the bankruptcy court articulated any basis to reach such global conclusions. Our review of the record provides no enlightenment.

The only argument we found that was repeated by Appellants unsuccessfully in multiple documents filed in the bankruptcy court, and again in this appeal, is the argument that Mr. Sui's payment of allegedly all his creditors within the first few months after he filed bankruptcy legally resulted in the bankruptcy court's loss of jurisdiction, Trustee's lack of

---

[21] The filed FF&CL reflects very few, and primarily non-substantive, revisions to the initial form of FF&CL prepared by Trustee's counsel and lodged with the bankruptcy court. The FF&CL also contains internal inconsistencies, such as the factual finding that Ms. Yang did not file any opposition versus the legal conclusion that both Appellants opposed the Motion.

- 19 -

standing, and the cessation of the chapter 7 estate. Let it suffice to say that Appellants' argument lacks legal merit. And after oral argument before the Panel we acknowledge Mr. Sui's fixation on this point. Nonetheless, we conclude that Mr. Sui's repetition of this one non-meritorious argument does not warrant the global restrictions contained in the Pre-Filing Order. Nor does the balance of the record do so. We acknowledge that the bankruptcy court may have knowledge or other support for its conclusions based on its experience with the case; however, our review is necessarily limited to the specific findings and record in this appeal.

While we question the adequacy of the findings to support the relief provided by the Pre-Filing Order, given the Appellants' waiver of issues below, we do not question that some form of relief is appropriate. On remand, the bankruptcy court must take the following into account.

**F. The Pre-Filing Order does not narrowly address the only problem evident on this record.**

The Appellants initiated little before the bankruptcy court. They did not file any adversary proceedings, and between them they filed few motions. Instead, they exercised their due process rights and opposed motions, sought reconsideration of rulings, and appealed. And they did so on far fewer occasions than is often the case with highly litigious pro se filers.

Based on our review the problem is not the numerosity of the Appellants' filings, it is Mr. Sui's fixation on his alleged payment of all creditors, his erroneous view of the status of this case as a result, and the threat of litigation against the

- 20 -

Trustee in other courts. There may be other arguments that he repeats, but we cannot identify them from the record before us. Thus, from our vantage point, the Pre-Filing Order is not narrowly tailored, as required by Ninth Circuit authority, to address the "specific vice encountered."[22]

**G.    Leave required to file suit against Trustee and his professionals.**

The <u>Barton</u> doctrine, as applied in the Ninth Circuit, "requires 'that a party must first obtain leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity.'" <u>Harris v. Wittman (In re Harris)</u>, 590 F.3d 730, 741 (9th Cir. 2009) (quoting <u>In re Crown Vantage, Inc.</u>, 421 F.3d 963, 970 (9th Cir. 2005)). Without leave from the bankruptcy court, as the court that appointed the trustee, "the other forum lack[s] subject matter jurisdiction over the suit." <u>Id.</u> (citation omitted). Thus, in the Ninth Circuit, even without the Pre-Filing Order, Appellants must obtain leave of the bankruptcy court before filing lawsuit against the Trustee and his professionals for acts done in their official capacities or be subject to dismissal for lack of subject matter jurisdiction.

---

[22] The bankruptcy court may want to consider barring Mr. Sui (or Ms. Yang) from repeating the arguments they unsuccessfully asserted at all levels of litigation and to establish a coercive monetary sanction if they violate the order. In so doing, Appellants' rights of access to the court remain unfettered; they have already had a full and fair opportunity to present these arguments. It is plainly inappropriate, vexatious, and harassing for arguments to be repeated without cessation. On remand, the bankruptcy court can consider modification in this regard.

Thus, at least in part, the provision in the Pre-Filing Order is duplicative of existing law.

Moreover, the leave requirement in the Pre-Filing Order, in effect, turns violation of the Barton doctrine into contempt of court and places the bankruptcy court in the position of sanctioning the Appellants for actions they take before another court. We question the propriety of such relief on this record.

When the bankruptcy court entered the Pre-Filing Order here, Appellants already had an action pending against the Trustee and his professionals in district court. During the pendency of this appeal, that action was dismissed by the district court for lack of subject matter jurisdiction based on the Barton doctrine. See Yan Sui et al. v. Marshack et al., 2014 U.S. Dist. LEXIS 100590 at *10, *18 (C.D. Cal. June 20, 2014), rep. and recom. accepted Yan Sui v. Marshack, 2014 U.S. Dist. LEXIS 100520 (C.D. Cal. July 23, 2014). The magistrate judge's recommendations, adopted by the district court, included dismissal of Appellants' claims against Trustee and his professionals in their entirety without prejudice to Appellants' ability to refile the claims, "provided [Appellants] first obtain written leave to do so from the Bankruptcy Court. . . ." Arguably, if Appellants fail to seek leave from the bankruptcy court before filing another such action in the district court, they will be in contempt of the district court's dismissal order.

Of course, any action filed in the bankruptcy court would not require such advance approval under the Barton doctrine, but the effect of the Pre-Filing Order is to require that the bankruptcy court potentially conduct two reviews of the same

- 22 -

pleadings. The bankruptcy court should consider alternative and less judicially inefficient means to address the possibility that Appellants might, in the future, file frivolous or harassing claims against the Trustee and his professionals.

**CONCLUSION**

For the foregoing reasons, we VACATE the Pre-Filing Order and REMAND for further proceedings consistent with this Memorandum.